2023 IL App (1st) 220843

No. 1-22-0843

Opinion filed August 29, 2023

SECOND DIVISION

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 06 CR 3618 |
| | ) | |
| JOHN HILTON, | ) | The Honorable |
| | ) | Erica Reddick, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.
Justices Howse and Ellis concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant-appellant John Hilton (petitioner) was found guilty of three counts of aggravated unlawful use of a weapon (AUUW) and was sentenced to three concurrent terms of 78 months in prison. Upon direct appeal, this court vacated two of the three convictions pursuant to the one-act, one-crime rule. Twelve years later, petitioner filed a petition for postjudgment relief, asserting that his remaining AUUW conviction should be vacated as unconstitutional in light of the Illinois Supreme Court's decision in *People v. Aguilar*, 2013 IL 112116. The trial court agreed and granted petitioner the relief he sought

pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). Soon thereafter, petitioner filed a petition for a certificate of innocence (COI), pursuant to section 2-702 of the Code (735 ILCS 5/2-702 (West 2018)). The trial court denied his petition. Petitioner appeals, contending that he has satisfied all pertinent requirements of section 2-702 and asking that we vacate the judgment below and remand for entry of a COI. For the following reasons, we affirm.

¶ 2                                     I. BACKGROUND

¶ 3        The underlying facts of this appeal are not in dispute, and we summarize them here.

¶ 4        Petitioner was charged via indictment on seven counts: count I charged unlawful use of a weapon by a felon (UUWF) and counts II through VII charged AUUW under different sections of that statute. Of his six charged AUUW counts, counts II and IV were charged pursuant to 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2002), counts III and V were charged pursuant to 720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2002), count VI was charged pursuant to 720 ILCS 5/24-1.6(a)(2), (a)(3)(A) (West 2002), and count VII was charged pursuant to 720 ILCS 5/24-1.6(a)(2), (a)(3)(C) (West 2002).

¶ 5        Briefly, at petitioner's bench trial, evidence was adduced, demonstrating that in October 2005, police officers, who were searching for a female suspect in a narcotics investigation, observed petitioner speaking to her for several minutes while leaning against and/or standing next to a car. Officers approached them, separated them, and questioned them. During this time, petitioner appeared nervous, remained very close to the car, and at one point reached his hand toward the car door. An officer looked through the driver's side window and saw a brown paper bag with a gun sticking out of it within arm's length of the door. Officers

immediately handcuffed petitioner, who stated that while he had been driving the car, the car was not his. Officers found the car's keys in petitioner's pocket, retrieved the gun, and discovered it was loaded. Based on this evidence, while it found him not guilty of counts I, II, III, and VI, the trial court found petitioner guilty of three of the charged AUUW counts: counts IV (premised on carrying an uncased, loaded, and immediately accessible firearm in a vehicle), V (premised on possessing a firearm without a currently valid Firearm Owner's Identification (FOID) card), and VII (premised on possessing a firearm on a public street without a valid FOID card). The court concluded that the gun was immediately accessible to petitioner and that the car in which it was found was under his exclusive control. It sentenced him to three concurrent terms of 78 months in prison.

¶ 6        Petitioner appealed his convictions, contending that the evidence against him was insufficient to support them and that his trial counsel provided ineffective assistance. This court struck down both challenges, holding first that, despite some minor discrepancies in the testimony presented, "the State introduced sufficient evidence to support the trial court's verdict" on the charges, and holding second, that his counsel performed effectively based on the record. *People v. Hilton*, 388 Ill. App. 3d 1137 (table) (2009) (unpublished order under Illinois Supreme Court Rule 23). However, upon petitioner's urging and the State's concession, this court vacated two of his AUUW convictions. It noted that they were in violation of the one-act, one-crime rule because all three of petitioner's convictions were based on possession of the same firearm. Accordingly, this court affirmed petitioner's conviction "of the first offense" (based on count IV), vacated those "based on the second and

third offenses" (counts V and VII), and ordered the correction of his mittimus. *Hilton*, 388 Ill. App. 3d 1137 (table).

¶ 7    In 2013, the Illinois Supreme Court decided *Aguilar*, 2013 IL 112116, which invalidated section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute as unconstitutional. See also *People v. Burns*, 2015 IL 117387, ¶ 25 ("We now clarify that section 24-1.6(a)(1), (a)(3)(A) of the statute is facially unconstitutional, without limitation").

¶ 8    Consequently, in April 2021, petitioner filed a "Motion to Vacate Void *Aguilar* Conviction pursuant to 735 ILCS 5/2-1401," asking the trial court to vacate his remaining AUUW conviction as unconstitutional pursuant to *Aguilar*. The trial court, upon receiving no objection from the State, granted his motion and vacated his conviction and sentence, and his case was nol-prossed by the State.

¶ 9    In late October 2021, petitioner filed a "Petition for a Certificate of Innocence," along with a "Memorandum in Support" and various attachments detailing the procedural history of his cause. Petitioner pointed out that his conviction on count IV had been vacated and dismissed and that the acts charged in the indictment did not constitute a felony against the State because count IV was based on a statute later held to be unconstitutional. He also claimed that he was innocent of all the charges in the indictment for which he was convicted. However, he did not allege that he was innocent of all the offenses charged in the indictment. He asked the trial court to award him a COI and to expunge his criminal record.

¶ 10    The State objected, citing *People v. Smith*, 2021 IL App (1st) 200984, and asserting that, under its holding, because petitioner had been found guilty of two constitutionally valid AUUW charges (based on counts V and VII), he was not entitled to a COI, as he could not

show he was innocent of all the offenses charged in the indictment, as is required under section 2-702(g) of the Code (735 ILCS 5/2-702(g) (West 2018)) to receive such relief. In a "Supplemental Memorandum," petitioner acknowledged his cause was factually similar to *Smith* and that its reasoning "supports denial of [his] Petition," but urged the court to adopt the dissent in that case, which stated it would have granted a COI to that petitioner. See, *e.g.*, *Smith*, 2021 IL App (1st) 200984, ¶¶ 37-44 (Oden Johnson, J., dissenting).

¶ 11    During the hearing on the matter, while the State again relied on *Smith*, petitioner again acknowledged its majority holding—namely, that when constitutionally valid charges have been vacated under the one-act, one-crime rule, a petitioner is not considered innocent of all the crimes charged in the indictment, which is required to obtain a COI. As such, this holding prohibits petitioner from relief. However, he again urged the court to disregard *Smith*. Also, once again, petitioner neither presented further evidence nor argued that he was innocent of the constitutionally valid AUUW charges, based on counts V and VII that had been charged in his indictment.

¶ 12    After taking the matter under advisement, the trial court ultimately denied petitioner's COI petition. Upon considering his claims within the context of *Smith*, the court concluded that "[u]nder the law *** as it currently stands, the [p]etitioner has failed to meet his burden with respect to establishing that he is, in fact, entitled to relief under the statute."

¶ 13                                    II. ANALYSIS

¶ 14    The instant cause is one of many in a trending line of cases regarding the propriety of section 2-702 petitions and the requirements for obtaining a COI, as evidenced by a string of recent decisions by this court and its sister districts, both published and unpublished. See,

*e.g.*, *People v. McClinton*, 2018 IL App (3d) 160648; *People v. Moore*, 2020 IL App (1st) 190435; *Smith*, 2021 IL App (1st) 200984; *People v. Warner*, 2022 IL App (1st) 210260; *People v. Brown*, 2022 IL App (4th) 220171; *People v. Pettis*, 2023 IL App (1st) 200448-U. In this appeal, petitioner contends that the trial court failed to limit its consideration of his COI petition to whether he demonstrated that he was innocent of all offenses for which he was incarcerated and, instead, improperly considered whether he did so as to all offenses with which he was charged. He urges that this court's holding in *Smith* needs to be revisited at this juncture, that section 2-702 limits consideration to incarcerated offenses only, and that, accordingly, he is entitled to a COI as he has met all the necessary requirements under the governing statute in his particular cause. However, as our current legal precedent formidably contradicts such an assertion, we disagree.

¶ 15        For the record, we note, as do the parties, that a *de novo* standard of review applies in this matter. As they recognize, while the review of the denial of a COI generally proceeds under an abuse of discretion standard, the issue here involves the interpretation of statutory section 2-702 of the Code, and, thus, our review is *de novo*. See *Warner*, 2022 IL App (1st) 210260, ¶ 12 (citing *Moore*, 2020 IL App (1st) 190435, ¶ 11); accord *Brown*, 2022 IL App (4th) 220171, ¶ 11.

¶ 16        As is well established (and now oft-repeated in this line of cases), our primary goal in interpreting a statute is to ascertain and give effect to the legislature's intent, of which its language is the best indicator. See *People v. Palmer*, 2021 IL 125621, ¶ 53; accord *Warner*, 2022 IL App (1st) 210260, ¶ 13. Briefly, we are to consider the statute as a whole and give the words used by the legislature therein their plain and ordinary meaning, thereby ensuring

that no part is rendered meaningless or superfluous; refusing to depart from the plain language by reading into it unexpressed exceptions, limitations or conditions; and presuming that the legislature did not intend absurd, inconvenient, or unjust results. See *Palmer*, 2021 IL 125621, ¶ 53; accord *Warner*, 2022 IL App (1st) 210260, ¶¶ 13-14.

¶ 17    The crux of petitioner's appeal is that this court's prior decision in *Smith*—a critical case involving COI petitions, their contents, and the statutory requirements that must be met in order to receive one—needs to be revisited and, in his view, reversed. We begin there.

¶ 18    In *Smith*, the petitioner was convicted of three counts of UUWF, which were merged, and one count of armed habitual criminal (AHC). See *Smith*, 2021 IL App (1st) 200984, ¶ 3. On appeal, his AHC conviction was affirmed, but his (merged) UUWF conviction was vacated under the one-act, one-crime rule. See *Smith*, 2021 IL App (1st) 200984, ¶ 3. Later, because a felony predicating his AHC conviction was deemed unconstitutional under *Aguilar*, that conviction was also vacated. See *Smith*, 2021 IL App (1st) 200984, ¶ 4. Like petitioner here, he filed for a COI, and the trial court granted his petition. See *Smith*, 2021 IL App (1st) 200984, ¶ 5.

¶ 19    Upon review, however, our court reversed. Our analysis began immediately with subsection (g) of section 2-702, since we recognized that it is this portion of the statute that " 'states the elements to obtain a COI.' " *Smith*, 2021 IL App (1st) 200984, ¶ 21 (quoting *Moore*, 2020 IL App (1st) 190435, ¶ 20). Noting that petitioners are thus obligated to satisfy each of these—namely, subsection (g)(1) through (g)(4)—we concluded that the petitioner in *Smith* did not meet subsection (g)(3) because he did not show, as that subsection requires, that he was " 'innocent of the offenses charged in the indictment or information' or that the

7

'acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State.' " *Smith*, 2021 IL App (1st) 200984, ¶ 21. This was because, since the trial court had found him guilty of the three UUWF counts in addition to the AHC charge, he could not make a showing that he was innocent of all the offenses charged in the indictment. See *Smith*, 2021 IL App (1st) 200984, ¶ 21. The *Smith* petitioner strenuously directed the court to other portions of section 2-702, specifically, subsections (b) and (h), that refer to the ability to request a COI finding that a petitioner is innocent " 'of all offenses for which he or she was incarcerated' " and that a court may enter a COI finding him or her innocent " 'of all offenses for which he or she was incarcerated.' " (Emphases omitted.) See *Smith*, 2021 IL App (1st) 200984, ¶ 22 (quoting 735 ILCS 5/2-702(b), (h) (West 2018)). However, while we acknowledged his argument, we found it to be meritless. Instead, we held, as the plain language of section 2-702(g)(3) made undeniably clear, that, in order to obtain a COI, a petitioner must prove he is " 'innocent of the offenses charged in the indictment or information,' " and a finding at a criminal trial that he is guilty of one or more charges precludes the award of a COI. *Smith*, 2021 IL App (1st) 200984, ¶ 23 (quoting 735 ILCS 5/2-702(g)(3) (West 2018)).

¶ 20    In the instant matter, petitioner insists there is "good cause for th[is c]ourt to revisit" its decision in *Smith*. He claims that *Smith* stands in violation of subsections (b) and (h) of section 2-702, since those subsections refer only to offenses for which one is incarcerated, as opposed to all offenses charged in an indictment; that *Smith* conflicts with our prior decisions in *McClinton* and *Moore*; and that the dissent in *Smith* should be adopted instead, since its reasoning is more indicative of the legislature's intent.

¶ 21    We disagree with petitioner. However, it is not because we do not welcome challenges to case precedent. To the contrary, the establishment of legally sound, black-letter law inherently depends on repeated challenges, for it is only when concepts are tested that what is tried and true finally solidifies.

¶ 22    Rather, we disagree with petitioner because our reviewing courts already have revisited *Smith*, several times. Significantly, this very court did so just one year ago, in *Warner*, 2022 IL App (1st) 210260. And, *Warner*, which decisively reaffirmed *Smith*, is directly on point here and dispositive of petitioner's contentions. Accordingly, we turn to that case now, as our colleagues therein provided nothing short of an exemplary, thorough, and well-reasoned analysis of the requirements a petitioner must meet to obtain a COI.

¶ 23    Before we even examined the facts presented in *Warner*, we looked at section 2-702 in light of the same principles of statutory interpretation we outlined at the outset of our decision herein. As we observed in *Warner*, section 2-702 is entitled, "[p]etition for a certificate of innocence that the petitioner was innocent of all offenses for which he or she was incarcerated." 735 ILCS 5/2-702 (West 2018). Noting, however, that the phrase " 'for which he or she was incarcerated' " was not used consistently throughout the statute, we knew that more was required to sustain our review. (Emphasis omitted.) See *Warner*, 2022 IL App (1st) 210260, ¶ 16. In other words, we, in *Warner*, turned to an examination of the body of the section, specifically detailing the meaning and purpose of its subsections. See *Warner*, 2022 IL App (1st) 210260, ¶ 16.

¶ 24    Subsection (a) states that section 2-702 provides "innocent persons who have been wrongly convicted of crimes in Illinois and subsequently imprisoned" with an "avenue to

obtain a finding of innocence," so that they may later attempt to obtain relief in our courts. 735 ILCS 5/2-702(a) (West 2018). This subsection, we noted, provides an explanation of the statutory section and the purpose of COIs in general. See *Warner*, 2022 IL App (1st) 210260, ¶ 17.

¶ 25        Subsection (b) states:

> "Any person convicted and subsequently imprisoned for one or more felonies by the State of Illinois which he or she did not commit may, under the conditions hereinafter provided, file a petition for [COI] in the circuit court of the county in which the person was convicted. The petition shall request a certificate of innocence finding that the petitioner was innocent of *all the offenses for which he or she was incarcerated.*" (Emphasis added.) 735 ILCS 5/2-702(b) (West 2018).

This subsection sets forth who is qualified to petition for a COI and what he may request in terms of applicable relief under the statute. See *Warner*, 2022 IL App (1st) 210260, ¶ 18 (citing *Moore*, 2020 IL App (1st) 190435, ¶ 19 ("[s]ubsection (b) of the statute explains who may petition for a COI and what the petitioner may request")).

¶ 26        Subsections (c) and (d), meanwhile, describe what is required to be in the contents of a COI petition in order for the petition to be considered. See *Warner*, 2022 IL App (1st) 210260, ¶ 19 (citing *Moore*, 2020 IL App (1st) 190435, ¶ 19). This is the meat of the petition—what the petitioner must plead in order to even obtain consideration for relief. Subsection (c) requires that the petitioner demonstrate:

"(1) he or she has been convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and

(2) his or her judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either he or she was found not guilty at the new trial or he or she was not retried and the indictment or information dismissed; or the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois; and

(3) his or her claim is not time barred by the provisions of subsection (i) of this Section." 735 ILCS 5/2-702(c) (West 2018).

And, critically, subsection (d) requires that the petition

"state facts in sufficient detail to permit the court to find that the petitioner is likely to succeed at trial in proving that the petitioner is innocent of the *offenses charged in the indictment or information* or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State of Illinois, and the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." (Emphasis added.) 735 ILCS 5/2-702(d) (West 2018).

¶ 27   Subsection (g) then provides the four elements for a successful COI petition, *i.e.*, the burdens petitioner must satisfy and prove, by a preponderance of the evidence, to obtain relief under the statute. See *Warner*, 2022 IL App (1st) 210260, ¶ 20 (citing *Moore*, 2020 IL App (1st) 190435, ¶ 21). These are:

"(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;

(3) the petitioner is innocent of the *offenses charged in the indictment or information* or his or her *acts or omissions charged in the indictment or information* did not constitute a felony or misdemeanor against the State; and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." (Emphases added.) 735 ILCS 5/2-702(g) (West 2018).

¶ 28        Finally, subsection (h) provides the remedy and details the duties of the court. See *Warner*, 2022 IL App (1st) 210260, ¶ 21. If the court finds that the petitioner has met the pleading requirements and satisfied the appropriate burden, thereby concluding that he is entitled to judgment, this subsection provides that the court "shall enter a [COI] finding that the petitioner was *innocent of all offenses for which he or she was incarcerated*." (Emphasis added.) 735 ILCS 5/2-702(h) (West 2018).

¶ 29        After quoting the language of each subsection and highlighting the two distinct phrases used by the legislature in section 2-702—namely, "offenses for which he or she was

12

incarcerated" in subsections (b) and (h) and "offenses charged in the indictment or information" in subsections (d) and (g)(3)—our court tackled the same question presented by petitioner here. The petitioner in *Warner* was charged by information with one count of unlawful use of a weapon, one count of unlawful possession of a firearm, and six counts of AUUW. Following a negotiated plea agreement, he pled guilty and was convicted on one count of AUUW, with the State nol-prossing the remaining counts. After *Aguilar*, his AUUW conviction was vacated. He filed a COI petition, which the trial court denied. Just as petitioner here (and the petitioner in *Smith*), the *Warner* petitioner appealed, arguing that, in order to successfully obtain a COI, he simply needed to prove his innocence only as to the charges for which he was incarcerated, and not as to all the charges in the information. See *Warner*, 2022 IL App (1st) 210260, ¶¶ 6-11.

¶ 30     We flatly disagreed, for various reasons. First, pursuant to our rules of statutory interpretation, it was beyond clear that the legislature chose to include particular language in some sections of the statute and to omit it in others. See *Warner*, 2022 IL App (1st) 210260, ¶ 25. This proved telling. Specifically, that it used the phrase " 'offenses for which he or she was incarcerated' " only in subsections (b) and (h), which deal only with administrative matters like who may petition for a COI and the remedies if the petition is successful, but used the phrase " 'offenses charged in the indictment or information' " in subsections (d) and (g), which deal with the substantive matters of necessary pleadings and burden requirements for a petitioner to be successful in his relief sought, underscored a bright distinction on the part of the legislature in formulating this statute. See *Warner*, 2022 IL App (1st) 210260, ¶¶ 26-27. From this, our holding was unmistakable:

13

"We find the language of the statute to be clear. To obtain a certificate of innocence, a petitioner must allege specific facts in the petition demonstrating that they are innocent of the 'offenses charged in the *** information' (subsection (d)), and prove, by a preponderance of the evidence, that they were innocent of the 'offenses charged in the *** information' (subsection (g)(3)). If the legislature had intended that a petitioner was required to allege and show only that they were innocent of the 'offenses for which he or she was incarcerated,' subsections (d) and (g)(3) would contain the same language as found in subsection (b) and (h). Instead, the legislature chose the phrase 'offenses charged in the *** information,' demonstrating its clear intent that a petitioner must allege and prove that they are innocent of all of the offenses charged in the information." *Warner*, 2022 IL App (1st) 210260, ¶ 28.

Our court went on to find that this holding was consistent with *Moore* and *Smith*, both of which likewise concluded that section 2-702 does not permit the issuance of a COI unless the petitioner is deemed innocent of all charges in the indictment or information. See *Warner*, 2022 IL App (1st) 210260, ¶¶ 29-31 (citing *Moore*, 2020 IL App (1st) 190435, ¶ 30, and *Smith*, 2021 IL App (1st) 200984, ¶ 21). Moreover, we analyzed the purpose of section 2-702, further concluding that our interpretation was supported by a legislative intent that affirmatively showed that the advantages a COI may bring should only be granted to a petitioner who has demonstrated his innocence of all charges. See *Warner*, 2022 IL App (1st) 210260, ¶ 32. Finally, we discussed that our interpretation of section 2-702 coincided directly with our supreme court's holding in *Palmer*, 2021 IL 125621, ¶ 64. The supreme court

focused specifically on subsection (g)(3) and highlighted that the word "offenses" in that subsection was modified by the phrase "charged in the indictment or information," as opposed to the phrase "offenses for which he or she was incarcerated," to recognize, just as we had, that the legislature's intent with section 2-702 was proof of the former and not simply the latter. (Quotation marks omitted.) See *Warner*, 2022 IL App (1st) 210260, ¶ 29.

¶ 31          Accordingly, in *Warner*, we dispositively reaffirmed our prior decision in *Smith*. We did so again most recently in *Pettis*, 2023 IL App (1st) 200448-U, and our sister districts also adopted it in *People v. Hatch*, 2022 IL App (2d) 210590-U, and *Brown*, 2022 IL App (4th) 220171, ¶¶ 24-25 (declaring *Warner*, which reaffirmed *Smith*, to be "persuasive," "consistent with the purposes of the statute and avoids absurd results").

¶ 32          We now return to the facts of the instant cause. Petitioner here was convicted of three AUUW offenses. On direct appeal, our court rejected his insufficiency of the evidence argument and, instead, specifically found that there was sufficient evidence to support his finding of guilt on all the counts (IV, V, and VII). However, because only one firearm was involved, two of convictions (counts V and VII) had to be vacated. Later, his remaining AUUW conviction (count IV) was vacated under *Aguilar*. Pursuant to *Smith*, as reaffirmed in *Warner*, to obtain a COI, he is required to prove the elements of section 2-702(g) by a preponderance of the evidence, including subsection (g)(3), which plainly states that he must demonstrate his innocence of all the "offenses charged in the indictment or information." Inherently, and as charged in his indictment, this includes counts V and VII, which have always remained constitutionally valid AUUW offenses. Yet, he does not argue this before us. Accordingly, because he has made no attempt to satisfy section 2-702(g)(3)—by proving

15

that he was innocent of those constitutionally valid AUUW offenses with which he was charged (and for which he was convicted with evidence sufficient beyond a reasonable doubt),[1] as required by the statute—he is not entitled to a COI.

¶ 33  From all this, it would seem our review of the instant cause is now over, but it is not—not quite yet. Part of petitioner's argument that we should "revisit" *Smith* turns on one factual difference he notes between his situation and that of the petitioner there: the fact that, following the vacation of his AUUW conviction (based on count IV) under *Aguilar*, the State chose to nol-pros his constitutionally valid convictions (based on counts V and VII), which had previously been vacated under the one-act, one-crime rule on appeal. Consequently, beyond initially urging us to find that COI petitioners must prove their innocence only as to offenses for which they were incarcerated, contrary to *Smith*, petitioner further claims that, even were we to uphold *Smith*, that rule does not apply to nol-prossed offenses. For support, he insists there is a conflict between the holdings of *Smith* and *Warner* when it comes to situations involving COI petitions and nol-prossed charges.

¶ 34  Interestingly, a panel of this very division of this district of our court noted the existence of this distinction. We did so, however, only in a footnote of an unpublished, otherwise distinguishable decision wherein we briefly alluded to what some, like petitioner here, could characterize as a "debate" between *Smith* and *Warner* with respect to COIs and nol-prossed charges. *Pettis*, 2023 IL App (1st) 200448-U, ¶ 39  n.2 (directing a comparison between *Smith* and *Warner* and how each addressed nol-prossed charges). However, since that issue

---

[1]Nor does he attempt to show that his acts underlying those convictions did not constitute a felony or misdemeanor, as alternatively provided by the statute.

was not before us in *Pettis*, we rightfully chose not to express an opinion on the matter. See

*Pettis*, 2023 IL App (1st) 200448-U, ¶ 39 n.2.

¶ 35    With the instant cause, that time has arrived.

¶ 36    Admittedly, petitioner is correct that his case is different than *Smith*. The record there was

unclear as to whether the State chose to nol-pros the constitutionally valid (merged) UUWF

conviction that had been vacated for that petitioner under the one-act, one-crime rule.

However, that consideration did not matter to the *Smith* court, as it was not the basis for its

ultimate holding that COI petitioners must, under section 2-702, prove their innocence as to

all offenses charged in their indictments. See *Smith*, 2021 IL App (1st) 200984, ¶ 26 (stating

that, "[t]o be clear, the COI was inappropriate *** only because there was a finding that [the

petitioner] was guilty on a constitutionally valid charge of UUWF"). Yet, during oral

argument in that case, we asked the parties whether, hypothetically, a COI petitioner "might

have the burden of affirmatively demonstrating his innocence even on charges that were nol-

prossed by the State." *Smith*, 2021 IL App (1st) 200984, ¶ 25. After input from both sides,

the *Smith* court chose to express its unsolicited opinion. It averred that, since it believed nol-

prossing is an abandonment of charges by the State, while petitioners must prove their

innocence as to all crimes charged, they would not have that same burden with respect to

charges that were nol-prossed since the State would not have the ability to obtain a finding of

guilt on such abandoned claims. See *Smith*, 2021 IL App (1st) 200984, ¶ 25 (suggesting its

belief that section 2-702 does not indicate a petitioner would have to demonstrate his

innocence of nol-prossed charges).

¶ 37    Petitioner here has obviously picked up on that portion of *Smith* and clings to it as the lifeblood of his argument, as his situation is what the *Smith* court was describing when it made this comment: after his conviction on count IV was vacated under *Aguilar*, the State specifically chose to nol-pros his constitutionally valid convictions on counts V and VII that had been vacated under the one-act, one-crime rule. However, his reliance on *Smith* is not helpful to him. This is because this exact question was subsequently decided in *Warner*. That is, our court in *Smith*, somewhat regrettably, jumped the gun *per se* and hypothesized with respect to the burden a petitioner has regarding nol-prossed charges while seeking a COI under section 2-702. But the topic was only brought up at oral argument; that court was not presented with that issue at that time in that cause, and the record has remained unclear as to whether nol-prossing ever occurred in that case. Yes, we anticipated the question, but that is all we did; we did not examine the effects of nol-prossing charges with respect to COIs or the mandates of section 2-702 in any detail—factually or legally—whatsoever in *Smith*.

¶ 38    However, we did tackle the question of nol-prossed charges and section 2-702's requirements, explicitly and in detail, in *Warner*. Thus, any conflict that some, like petitioner, may insist exists between our two decisions is a mischaracterization. In *Smith*, we alluded to a belief we had in anticipation of a question that was not at issue, not raised, and not briefed by any of the parties before us. In *Warner*, we issued a holding on that very question, as we were finally called upon to do by the parties and only after analyzing statutory, legal, and factual arguments properly before us.

¶ 39    The record in *Warner* showed that the State there had specifically nol-prossed that petitioner's seven remaining criminal counts upon his acceptance of a negotiated guilty plea,

under which he pled guilty to only one count of AUUW (later vacated under *Aguilar*). See *Warner*, 2022 IL App (1st) 210260, ¶¶ 3, 6. After failing in his attempt to get us to disavow our holding in *Smith* that section 2-702 required him to prove his innocence as to all offenses charged, the *Warner* petitioner alternatively argued that, regardless of *Smith*, he should not have that same burden with respect to charged offenses that were eventually nol-prossed.

¶ 40        We wholly disagreed. In *Warner*, we specifically declined to follow that portion of *Smith* that hypothesized COI petitioners would not be required to prove their innocence of nol-prossed charges. See *Warner*, 2022 IL App (1st) 210260, ¶ 36. We found this to be *obiter dicta*—completely unnecessary to the disposition of *Smith*, since the issue had not been presented in that case and, thus, not binding as authority or precedent. See *Warner*, 2022 IL App (1st) 210260, ¶ 36. Moreover, we noted that this *dicta* turned on an unsupported leap in logic, without more, that since the State has no ability to obtain a finding of guilt on charges it nol-prosses, a COI petitioner should not have to prove his innocence of them. See *Warner*, 2022 IL App (1st) 210260, ¶ 37. Regardless of whether this might be a valid consideration, we held in *Warner* that looking at the ramifications of generally nol-prossing charges was not the proper lens with which to examine the issue.

¶ 41        Rather, because we recognized that our whole decision in *Warner*—again, a decision that, unlike *Smith*, actually involved nol-prossed charges within the context of a section 2-702 COI petition—was, at its crux, a matter of statutory interpretation, we found that the best solution was to turn back to the statute itself. Consequently, we scoured the statute and noted that section 2-702 "does not contain any language or any indication that [a COI] petitioner's burden of pleading and proving innocence applies only to the charges in the indictment or

19

information on which the State has an ability to obtain a finding of guilty." *Warner*, 2022 IL App (1st) 210260, ¶ 37. Accordingly, the *dicta* in *Smith* could not be reconciled with the statute.

¶ 42    We further found that it also could not be reconciled with prior decisions of this court that have already held that, even when a finding of guilt has been reversed outright on direct appeal and the State thus cannot seek a finding of guilt, a petitioner seeking to obtain a COI under section 2-702 must still establish his or her innocence as to all the offenses as charged in the indictment or information by a preponderance of the evidence. See *Warner*, 2022 IL App (1st) 210260, ¶ 37 (citing, *e.g.*, *People v. Terrell*, 2022 IL App (1st) 192184, and *People v. Dumas*, 2013 IL App (2d) 120561, ¶ 18). And, what is more, we also found that the *Smith dicta* failed to recognize that subsections (d) and (g) of section 2-702, again, those sections that specify the pleading and burden requirements of COI petitions, "do not state that a petitioner is relieved of their burden to plead and establish their innocence of any charges in an indictment or information that have been nol-prossed." *Warner*, 2022 IL App (1st) 210260, ¶ 38. As we observed, had the legislature intended that to be the result of section 2-702, it would have included such language; as it did not, we cannot read such an exception into that statute. See *Warner*, 2022 IL App (1st) 210260, ¶ 38 ("in that a 'petitioner's ability to obtain a [COI] is created solely by statute, we are not at liberty to engraft conditions not within the purview of the statute' " (quoting *Terrell*, 2022 IL App (1st) 192184, ¶ 40)); see also *Palmer*, 2021 IL 125621, ¶ 53 (we cannot read into any statute exceptions, limitations, or conditions the legislature did not express); *People v. Woodard*, 175 Ill. 2d 435, 443 (1997) (same).

¶ 43    Accordingly, after a thorough discussion, we held that, to obtain a COI under section 2-702, a petitioner is required to allege and prove that he is innocent of all charges in his information or indictment, including those charges that were nol-prossed. See *Warner*, 2022 IL App (1st) 210260, ¶¶ 39, 44. Significantly, this same issue arose soon after in our sister district, and that court reaffirmed not only that section 2-702 mandates that a petitioner prove his innocence as to all offenses charged in his information or indictment (our holding in *Smith*), but also that its "all offenses charged" statutory language included offenses charged that were later nol-prossed (our holding in *Warner*). See *Brown*, 2022 IL App (4th) 220171, ¶¶ 14, 29 (stating, after citing *Warner* at length, "we reach the same conclusion as the court in *Warner*" that the "defendants here were required to demonstrate their innocence of all charged offenses, including the ones the State nol-prossed").

¶ 44    Contrary to being at odds, then, *Smith* and *Warner* work together to dispose of the instant cause. Under section 2-702(g)(3), as interpreted by our court in those two cases, petitioner here, in order to obtain a COI, was required to allege and prove by a preponderance of the evidence that he is innocent of all charges in his indictment, including the two constitutionally valid charges of AUUW based on counts V and VII that the State nol-prossed following the vacation of his AUUW conviction under *Aguilar* that had been based on count IV. To this day, not only has he made no such showing, he has not even attempted to allege his innocence with respect to those charges within the context of his COI petition. In fact, we note again that he was found guilty of all three AUUW charges at trial. On appeal, he challenged the sufficiency of the evidence used to convict him on those charges, and this court struck down his challenge, holding that the evidence used to convict him on all three

was, indeed, sufficient and, thus, affirming his guilt on all three of those charges that were in his indictment. Without alleging anything with respect to his innocence of counts V and VII—these indicted, constitutionally-valid, nol-prossed charges—in the current context, petitioner cannot meet the requirements of section 2-702(g)(3) to obtain a COI. See *Warner*, 2022 IL App (1st) 210260, ¶¶ 39, 44; *Brown*, 2022 IL App (4th) 220171, ¶¶ 14, 29; see also *People v. Rodriguez*, 2021 IL App (1st) 200173, ¶ 59 (affirming denial of COI after finding that the petitioner failed to prove himself innocent of the offenses charged, all of which had been nol-prossed by agreed order).

¶ 45    With this holding now solidified, we find no merit to the remaining claims petitioner asserts on appeal as a basis for overturning *Smith*. As we have clearly shown, and in direct contradistinction to his main argument, section 2-702 does not award COIs to petitioners who merely show their innocence only as to the offenses for which they were incarcerated. *Smith* and its progeny, specifically *Warner*, explicitly denounce such an interpretation and hold instead that the statute requires a showing of innocence as to all offenses charged. Those cases remain good law. Nor do we find his claim that *Smith* conflicts with our prior decisions in *McClinton* and *Moore* to be viable. Those cases are completely distinguishable from the instant one. Briefly, *McClinton* focused on a different statutory element of section 2-702(g)—namely, subsection (g)(4)—and whether a petitioner brought about her own conviction under that portion of the statute. See *McClinton*, 2018 IL App (3d) 160648, ¶ 18. There is no dispute here that petitioner satisfied this element; rather, as he himself admits in his brief, the issue before us is whether he satisfied the element found in subsection (g)(3) regarding a showing of innocence as to all offenses charged, and not what is required in

22

subsection (g)(4). Additionally, *Moore* did discuss, as petitioner notes, proving innocence as to offenses for which one was incarcerated. However, that decision was addressing a situation where a petitioner was wrongly incarcerated for one offense and properly incarcerated for another. *Moore* examined the language of section 2-702(h) (not section 2-702(g), as here), which refers to offenses for which one is incarcerated to determine whether it would permit the grant of a partial COI; it held that section did not. See *Moore*, 2020 IL App (1st) 190435, ¶ 35.[2] Regardless, *Smith* does not conflict with *McClinton* or *Moore*. They involved different issues and different subsections of the statute—issues and subsections that were not relevant in *Smith* and are not relevant to petitioner's cause. Moreover, it is *Warner* that ultimately governs here.

¶ 46        Accordingly, to obtain a COI under section 2-702, petitioner was required to prove his innocence by a preponderance of the evidence of all offenses charged in his indictment, including those charges that were later nol-prossed by the State. He did not satisfy this statutory burden. Therefore, he is not entitled to a COI.

¶ 47                                  III. CONCLUSION

¶ 48        For all the foregoing reasons, the judgment of the trial court is affirmed.

¶ 49        Affirmed.

---

[2]Interestingly, our court even in *Moore* commented specifically with respect to section 2-702(g)(3) as follows: "A petitioner who is 'innocent of the offenses charged in the indictment or information' [citation] is one who is innocent of *all* charges." (Emphasis in original.) *Moore*, 2020 IL App (1st) 190435, ¶ 30 (quoting 735 ILCS 5/2-702(g)(3) (West 2018)).

*People v. Hilton*, 2023 IL App (1st) 220843

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 06-CR-3618; the Hon. Erica Reddick, Judge, presiding. |
| **Attorneys for Appellant:** | Joel A. Flaxman and Kenneth N. Flaxman, of Kenneth N. Flaxman P.C., of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Amy McGowan, and Paul E. Wojcicki, Assistant State's Attorneys, of counsel), for the People. |