2024 IL App (1st) 230669-U

No. 1-23-0669

Order filed February 7, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 03 CR 23217 |
| | ) | |
| JAMES REED, | ) | Honorable |
| | ) | Erica L. Reddick, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAN TINE delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the circuit court's denial of defendant's petition for a certificate of innocence because defendant did not prove that he was innocent of all charges.

¶ 2     Defendant James Reed was charged with four counts of aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (C); (a)(2), (a)(3)(A), (C) (West 2002)). In

2003, he pled guilty to one count and the State nol-prossed the remaining three counts.[1] Defendant's conviction was later vacated pursuant to *People v. Aguilar*, 2013 IL 112116, which struck down as unconstitutional portions of the AUUW statute that categorically prohibited possession of an operable firearm outside the home. *Aguilar*, 2013 IL 112116, ¶ 22. Defendant then filed a petition for a certificate of innocence pursuant to section 2-702 of the Code of Civil Procedure (735 ILCS 5/2-702 (West 2022)), which the circuit court denied because defendant failed to prove that he was innocent of all four AUUW counts. Defendant appeals, arguing that he only had to prove his innocence of the one count of AUUW for which he was convicted and incarcerated. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4     Defendant was arrested on October 6, 2003, and charged by information with four counts of AUUW. Count I alleged that defendant knowingly carried an uncased, loaded, and immediately accessible firearm outside his home (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2002)). Count II alleged that he knowingly carried a firearm without a valid Firearm Owner's Identification (FOID) card (*id.* §§ 24-1.6(a)(1), (a)(3)(C)). Count III alleged that he knowingly carried an uncased and loaded firearm on a public street. (*id.* §§ 24-1.6(a)(2), (a)(3)(A)). Count IV alleged that he knowingly carried a firearm on a public street without a valid FOID card (*id.* §§ 24-1.6(a)(2), (a)(3)(C)).

---

[1]"Nol-prossed" refers to the State dismissing charges *nolle prosequi*, which is "a formal notice given by the State that a claim has been abandoned." *People v. Smith*, 2021 IL App (1st) 200984, ¶ 25; see also *People v. Stafford*, 325 Ill. App. 3d 1069, 1073 (2001). When a charge is nol-prossed, it is no longer pending against the defendant and the State must file a new charging document to reinstate that charge. *Stafford*, 325 Ill. App. 3d at 1073.

¶ 5    On December 3, 2003, defendant pled guilty to count I and was sentenced to six months in the Cook County Department of Corrections and two years' probation. The State nol-prossed counts II, III, and IV. As the factual basis for the plea, the State proffered that defendant was involved in a shooting on the 6400 block of South Wood Street in Chicago on October 6, 2003. When defendant was arrested that day, police recovered from his person a loaded semiautomatic handgun. Defendant violated his probation and was resentenced to one year of incarceration.

¶ 6    In 2021, defendant filed *pro se* petitions pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)) to vacate his AUUW conviction, arguing that his conviction was unconstitutional and void pursuant to *Aguilar*. On June 17, 2022, the circuit court vacated defendant's conviction.

¶ 7    In 2022, defendant filed a *pro se* petition for a certificate of innocence pursuant to section 2-702 (735 ILCS 5/2-702 (West 2022)). Defendant argued that he met the requirements for a certificate of innocence because he was convicted of a felony and served a term of imprisonment, his conviction had been vacated, and he did not bring about his own conviction. Defendant noted that he "pled guilty to a charge and statute that was unconstitutional (Aggravated Unlawful Use of a Weapon) statute—720 [ILCS] 5/24-1.6(a)(1)."

¶ 8    The State objected, arguing that defendant failed to establish that he was innocent of all four charges; therefore, he could not fulfill the requirements of subsection 2-702(g)(3) (735 ILCS 5/2-702(g)(3) (West 2022)). The State maintained that, even if defendant was innocent of counts I and III due to their unconstitutionality under *Aguilar*, he could not establish his innocence of counts II and IV because it remained illegal to possess a firearm without a FOID card. The State

attached to its written objection documents from the Illinois State Police indicating that defendant had never been issued a FOID card.

¶ 9    Defendant filed a *pro se* reply to the State's objections. He argued that he was relying on the second clause of subsection 2-702(g)(3), which allows a petitioner to prove that his acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor at all, rather than the first clause, which requires proof that the petitioner is innocent of the charges in the indictment or information (*id.*). Defendant cited *People v. McClinton*, 2018 IL App (3d) 160648, in support of his claim that "his acts charged in the indictment *** did not constitute a felony or misdemeanor against the State because the charge was based on a statute later held unconstitutional."

¶ 10    The circuit court denied defendant's petition for a certificate of innocence, finding that defendant "ha[d] to be able to demonstrate [his] innocence as to all the offenses charged in the information or indictment" and that he could not establish his innocence of the AUUW counts premised on his lack of a FOID card.

¶ 11    Defendant timely appealed.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, defendant argues that the circuit court erred in denying his petition because he was not required to prove that he was innocent of all four charged counts of AUUW. Rather, defendant contends that he only had to prove his innocence of the one count for which he was convicted and incarcerated.

¶ 14    This appeal concerns the interpretation of subsection 2-702(g)(3), so *de novo* review applies.[2] See *People v. Hilton*, 2023 IL App (1st) 220843, ¶ 15. *De novo* review means that we perform the same analysis as the circuit court. *People v. Tyler*, 2015 IL App (1st) 123470, ¶ 151. Our primary goal in interpreting a statute is to ascertain and give effect to the legislature's intent. *People v. Palmer*, 2021 IL 125621, ¶ 53. The language of the statute is the best indication of the legislature's intent. *Id.* We cannot "depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express." *People v. Woodard*, 175 Ill. 2d 435, 443 (1997). If the statute is unambiguous, we must apply it as written. *Hernandez v. Lifeline Ambulance, LLC*, 2019 IL App (1st) 180696, ¶ 11. "A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses." *Advincula v. United Blood Services*, 176 Ill. 2d 1, 18 (1996). We presume that the legislature did not intend absurd, inconvenient, or unjust results. *Palmer*, 2021 IL 125621, ¶ 53.

¶ 15    Section 2-702 of the Code of Civil Procedure governs petitions for certificates of innocence. 735 ILCS 5/2-702 (West 2022). The legislature created certificates of innocence because "innocent persons who have been wrongly convicted of crimes in Illinois and subsequently imprisoned have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law." *Id.* § 2-702(a). Accordingly, "[a]ny person convicted and subsequently imprisoned for one or more felonies by the State of Illinois which he

---

[2]Generally, we review a circuit court's denial of a petition for a certificate of innocence for an abuse of discretion. *People v. Hilton*, 2023 IL App (1st) 220843, ¶ 15.

or she did not commit may, under the conditions hereinafter provided, file a petition for a certificate of innocence in the circuit court." *Id.* § 2-702(b).

¶ 16    Subsection (c) requires the petitioner to present documentation demonstrating that he was convicted of a felony and served all or part of a sentence of imprisonment and that his "conviction was reversed or vacated, and the indictment or information dismissed," or that "the statute, or application thereof, on which the indictment or information was based" was unconstitutional. *Id.* § 2-702(c)(1)-(2). Subsection (d) requires the petition to "state facts in sufficient detail to permit the court to find that the petitioner is likely to succeed at trial in proving that the petitioner is innocent of the offenses charged in the indictment or information," or that "his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State of Illinois," and that the petitioner "did not by his or her own conduct voluntarily cause or bring about his or her conviction." *Id.* § 2-702(d).

¶ 17    Subsection (g) sets out the elements of a petition:

"(g) In order to obtain a certificate of innocence the petitioner must prove by a preponderance of the evidence that:

(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed ***; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;

(3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." *Id.* § 2-702(g)(1)-(4).

"If the court finds that the petitioner is entitled to a judgment, it shall enter a certificate of innocence finding that the petitioner was innocent of all offenses for which he or she was incarcerated." *Id.* § 2-702(h).

¶ 18 Subsection (g)(3) requires a petitioner to prove either that (1) he is innocent of the "offenses charged in the indictment or information" or (2) "his *** acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor." *Id.* §§ 2-702(g)(3). The first approach appears to require proof of innocence of *all* offenses set out in the charging document.[3] There is no indication that the first clause of subsection (g)(3) allows a petitioner to prove his innocence of only the offense for which he was convicted and incarcerated without proving his innocence of the other offenses in the charging document. The second approach essentially requires proof that the petitioner's behavior in the incident at issue did not constitute any type of crime in Illinois.

¶ 19 In this case, the information charged four counts of AUUW, two of which were premised solely on defendant's possession of a firearm, and two of which were premised on his possession of a firearm without a FOID card. To fulfill subsection (g)(3), defendant had to prove either that

---

[3]By saying "appears," we do not imply that the statute is ambiguous. We simply note that the statute does not use "all" to modify "offenses charged in the indictment or information."

he was innocent of all four charges or that his actions on October 6, 2003, were not illegal under any circumstances. See *id.* Defendant did not establish his innocence under either approach. As to the first approach, defendant did not prove that he was innocent of counts II and IV. Those charges were premised on defendant's possession of a firearm without a valid FOID card on October 6, 2003. Defendant has never claimed that he did not possess a firearm on October 6, 2003, and the record confirms that defendant has never been issued a FOID card. Post-*Aguilar*, it remains illegal to possess a firearm without a FOID card. *People v. Mosley*, 2015 IL 115872, ¶ 44 (upholding section 24-1.6(a)(3)(C) of the AUUW statute as constitutional). Therefore, defendant is not innocent of AUUW as charged in counts II and IV. As to the second approach, defendant has abandoned, on appeal, his petition's argument that his actions on October 6, 2003, did not constitute a crime at all. Defendant did not meet the requirements of subsection (g)(3), so the circuit court correctly denied his petition for a certificate of innocence.

¶ 20    *People v. Warner*, 2022 IL App (1st) 210260, supports this conclusion. In that case, the defendant was charged with six counts of AUUW including possession of a firearm without a valid FOID card. *Id.* ¶ 2. He pled guilty to one count of AUUW and was sentenced to one year in prison; the State nol-prossed the remaining counts. *Id.* ¶¶ 3-5. The defendant's conviction was later vacated pursuant to *Aguilar*. *Id.* ¶ 6. The defendant filed a petition for a certificate of innocence, arguing that he had been convicted and incarcerated under an unconstitutional statute. *Id.* ¶ 7. However, his petition "contained no allegations to establish [his] innocence as to the other valid offenses charged in the information." *Id.* The circuit court denied the petition and this court affirmed. *Id.* ¶¶ 1, 9. We held that subsections (d) and (g)(3) unambiguously require a petitioner

to allege and prove that he is innocent of all charged offenses, not just the offense for which he was incarcerated. *Id.* ¶ 28.

¶ 21    *People v. Brown*, 2022 IL App (4th) 220171, is similar. The defendant was charged with AUUW, armed violence, unlawful possession of a weapon by a felon, and unlawful possession of a controlled substance. *Id.* ¶ 3. He pled guilty to AUUW and was sentenced to eight years in prison; the other charges were dismissed. *Id.* ¶ 4. The defendant's conviction was later vacated pursuant to *Aguilar,* and he filed a petition for a certificate of innocence. *Id.* ¶¶ 5-6. The circuit court denied the petition, finding that the defendant could not establish his innocence of all charged offenses and, therefore, could not meet the requirements of subsection (g)(3). *Id.* ¶ 6. The court affirmed. *Id.* ¶¶ 36-37. Citing *Warner*, the court found that the "plain meaning of [subsections (d) and (g)(3)] is that petitioners must demonstrate their innocence of all charged offenses, not just the ones for which they were convicted and incarcerated." *Id.* ¶ 24.

¶ 22    We see no meaningful difference between *Warner*, *Brown*, and this case. All three cases involve defendants who pled guilty to one count of AUUW in exchange for the dismissal of the other counts, AUUW convictions that were later vacated pursuant to *Aguilar*, and defendants who failed to prove their innocence of all charged offenses. Like the defendants in *Warner* and *Brown*, defendant is not entitled to a certificate of innocence because he does not meet the requirements of subsection (g)(3).

¶ 23    Defendant argues that a certificate, if granted, only declares a petitioner innocent of "offenses for which he or she was incarcerated" (702 ILCS 5/2-702(b), (h) (West 2022)), so the circuit court can only consider whether the petitioner is innocent of the charge for which he was convicted and incarcerated. That is, defendant reads subsections (b) and (h) to limit *all* of section

2-702 to the offense for which the petitioner was incarcerated; no other charges are relevant. We disagree. Section 2-702 differentiates between what a petitioner must prove, which is his innocence of all charges (*id.* §§ 2-702(d), (g)(3)), and the relief he obtains if he makes such a showing, which is a certification that he is innocent of the charges for which he was incarcerated (*id.* §§ 2-702(b), (h)). This case illustrates why the legislature created this difference. Defendant can establish that he is innocent of the charge for which he was convicted because that charge is unconstitutional. However, defendant did not establish that he is innocent of AUUW as the State alleged in counts II and IV. Accepting defendant's argument would allow a person who may have committed AUUW to, nevertheless, obtain a judicial finding that he is innocent of AUUW. Moreover, if, as defendant argues, the only charge the circuit court can consider is the charge for which the petitioner was convicted and incarcerated, then subsections (d) and (g)(3)'s requirement that a petitioner prove his innocence of the charges in the indictment or information becomes superfluous. We cannot accept such a reading of section 2-702. See *People v. Kidd*, 2022 IL 127904, ¶ 29.

¶ 24 Defendant is not the first to claim that certificate of innocence proceedings concern only charges resulting in conviction and incarceration. This court has already rejected the exact argument that defendant makes regarding subsections (b) and (h). *Smith*, 2021 IL App (1st) 200984, ¶¶ 22-23. Similarly, in *Warner*, this court explained that "[i]f the legislature had intended that a petitioner was required to allege and show only that they were innocent of the 'offenses for which he or she was incarcerated,' subsections (d) and (g)(3) would contain the same language as found in subsections (b) and (h)." *Warner*, 2022 IL App (1st) 210260, ¶ 28. "Instead, the legislature chose the phrase 'offenses charged in the *** information,' demonstrating its clear intent that a

petitioner must allege and prove that they are innocent of all the offenses charged in the information." *Id.*; see also *Hilton*, 2023 IL App (1st) 220843, ¶ 30.

¶ 25 Defendant contends that we should follow *People v. McClinton*, 2018 IL App (3d) 160648, and find that charges of which a defendant was not convicted play no role in certificate of innocence proceedings.[4] In that case, the defendant was charged with AUUW, bringing a firearm into a penal institution, and bringing cannabis into a penal institution. *Id.* ¶ 3. Following a bench trial, she was convicted of AUUW but her conviction was later vacated pursuant to *Aguilar*. *Id.* ¶¶ 3-6. The defendant filed a petition for a certificate of innocence, which the circuit court denied, explaining that the trial evidence established that she possessed a firearm inside a prison, so she was not innocent of AUUW. *Id.* ¶ 7. The defendant appealed and the Third District ordered issuance of a certificate of innocence. *Id.* ¶ 1. The Third District reasoned that the AUUW statute "that criminalized [the defendant's] actions is void *ab initio*" due to *Aguilar*, so the "actions for which she was charged, convicted, sentenced and incarcerated were not criminal at the time."[5] *Id.* ¶ 21.

¶ 26 We find *McClinton* unpersuasive. *McClinton* did not involve a guilty plea or charges that the State nol-prossed as part of that plea. It also did not involve AUUW charges premised on possessing a firearm without a valid FOID card. Defendant has not proved that he is innocent of possessing a firearm without a FOID card and *McClinton* does not change that conclusion.

---

[4]Oddly, defendant argues that we *should* follow the Third District's decision in *McClinton* but should *not* follow the First District, Fourth Division's decision in *Warner* or the Second District's decision in *Hilton* because the decisions of other appellate divisions and districts are not binding upon us.

[5]To the extent *McClinton* suggests that a defendant whose AUUW conviction was vacated pursuant to *Aguilar* cannot possibly have committed any criminal offenses in the incident that led to the AUUW conviction, we disagree. *Aguilar* finds one subsection of the AUUW statute unconstitutional (*Aguilar*, 2013 IL 112116, ¶ 22); it does not retroactively wipe out all potentially illegal conduct.

Moreover, *McClinton*'s analysis focused on whether the defendant brought about her own conviction under subsection (g)(4), not whether she proved her innocence of all charges under subsection (g)(3). *Id.* ¶¶ 18-20. The Third District did not discuss whether subsection (g)(3) required the defendant to prove that she was innocent of the charges of bringing a firearm and cannabis into a penal institution, so *McClinton* offers little guidance in this case. Nevertheless, defendant claims that *McClinton* supports his attempt to use subsections (b) and (h) to limit subsections (d) and (g)(3), citing the Third District's statement that "[t]he only crime at issue in the instant case is the unconstitutional AUUW conviction." *Id.* ¶ 15. That quotation is a single line without further analysis or explanation, not the holding of *McClinton*. *Id.*

¶ 27    Defendant also argues that *Palmer* supports his position because it holds that "the proper focus of subsection (g)(3)" is on the allegations "charged and prosecuted in [the] petitioner's criminal trial." *Palmer*, 2021 IL 125621, ¶ 72. In that case, the defendant was charged with five counts of first-degree murder arising out of the victim's beating death. *Id.* ¶ 5. Each count alleged a different theory of culpability for murder. *Id.* At trial, the State presented evidence that the defendant and another man burgled the victim's apartment and, the following night, the defendant returned alone and killed the victim. *Id.* ¶ 7. The defendant was found guilty of first degree murder on the count alleging that he intentionally killed the victim. *Id.* ¶¶ 5, 28. Years later, his conviction was vacated based on testing that excluded him as a contributor of DNA profiles found under the victim's fingernails. *Id.* ¶¶ 31-34. The defendant filed a petition for a certificate of innocence, which the State opposed, arguing that, while the DNA evidence established that he was not the primary assailant, he could still be guilty of murder as an accessory at the scene during the murder. *Id.* ¶¶ 37, 43-44. The circuit court denied the petition for a certificate of innocence, finding that

the defendant had not established by a preponderance of the evidence that he was "innocent of the charge of murder," and the appellate court affirmed. *Id.* ¶¶ 47-48.

¶ 28   The supreme court reversed. *Id.* ¶ 80. The court framed the issue as whether subsection (g)(3) required the defendant to prove that he "was innocent of the offense only as it was originally charged or innocent of every conceivable theory of criminal liability for that offense." *Id.* ¶ 1. The court held that "because the word 'offenses' is modified by the phrase 'charged in the indictment or information,' the legislature intended that a petitioner establish his or her innocence of the offense on the factual basis *charged* in the indictment or information." (Emphasis in original.) *Id.* ¶ 64. The court reasoned that, at trial, the State argued that the defendant alone beat the victim to death and did not advance the theory that he was an "accomplice or unidentified third party" until certificate of innocence proceedings. *Id.* ¶¶ 65-66. Because the State did not charge or argue the defendant's guilt based on a theory of accountability, he was not required to disprove that theory to obtain a certificate of innocence. *Id.* ¶ 67. That is, subsection (g)(3) does not "require a petitioner to prove his innocence of a novel theory of guilt that was never charged." *Id.* ¶ 68.

¶ 29   *Palmer* does not mean that a petitioner can fulfill subsection (g)(3) by proving his innocence of the charge for which he was convicted and incarcerated, but not the other charges against him. Rather, *Palmer* holds that a petitioner does not have to prove his innocence of *uncharged* theories of culpability. *Id.* In this case, the State does not claim that defendant must prove his innocence of a theory of culpability for AUUW that it never charged. For example, the State does not contend that defendant must prove that he is innocent of AUUW premised on possessing a firearm while committing a misdemeanor involving the use or threat of violence (720 ILCS 5/24-1.6(a)(1), (a)(3)(H) (West 2002)). Rather, the State's position is that defendant is not

innocent of AUUW because he was charged with possessing a firearm without a valid FOID card, which is still illegal and which defendant has not disproved. The defendant in *Palmer* used DNA evidence to prove that he did not kill the victim, the act giving rise to all the charges against him. By contrast, in this case, defendant has not proved that he did not possess a firearm on October 6, 2003.

¶ 30　Defendant also relies on *Smith*'s discussion that a petitioner does not have "the burden of affirmatively demonstrating his innocence \*\*\* on charges that were nol-prossed by the State" because "the State cannot pursue and thus has *no ability* to obtain a finding of guilt on" a charge the State abandoned by nol-prossing it. (Emphasis in original.) *Smith*, 2021 IL App (1st) 200984, ¶ 25. However, *Warner* rejected that conclusion, explaining that "[s]ection 2-702 does not contain any language or any indication that the petitioner's burden of pleading and proving innocence applies only to the charges in the indictment or information on which the State has an ability to obtain a finding of guilty." *Warner*, 2022 IL App (1st) 210260, ¶¶ 36-37. We agree with *Warner*. Subsection (g)(3) requires proof of innocence of charges in the indictment or information and says nothing about charges that are later nol-prossed. The State's decision to dismiss a charge *nolle prosequi* does not mean that the offense was never charged, and it certainly does not mean that the State conceded the defendant's innocence of that charge. *People v. Rodriguez*, 2021 IL App (1st) 200173, ¶ 59. Subsection (g)(3) applies to nol-prossed charges.

¶ 31　This case has reached an accurate and fair result. Defendant is not guilty of the AUUW charge for which he was convicted and incarcerated because that charge was unconstitutional under *Aguilar*. Defendant's conviction has been properly vacated. However, that does not mean

defendant is innocent of all charges of AUUW. Accordingly, we find that the circuit court correctly denied defendant's petition for a certificate of innocence.

¶ 32                                    III. CONCLUSION

¶ 33     For the foregoing reasons, we affirm the circuit court's denial of defendant's petition for a certificate of innocence.

¶ 34     Affirmed.