2021 IL App (1st) 200984

SIXTH DIVISION
November 19, 2021

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

No. 1-20-0984

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 22324 |
| | ) | |
| ZACHARY SMITH, | ) | Honorable |
| | ) | Erica L. Reddick, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE MIKVA delivered the judgment of the court, with opinion.
Justice Harris concurred in the judgment and opinion.
Justice Oden Johnson dissented, with opinion.

**OPINION**

¶ 1     The issue before this court is whether this petitioner has met the requirements for a

certificate of innocence (COI) where he was found not guilty of the crime for which he was

incarcerated but guilty of another crime charged in the same indictment or information. For the

reasons that follow, we find that the petitioner is not statutorily entitled to a COI under these

circumstances and reverse the decision of the circuit court.

¶ 2                          I. BACKGROUND

¶ 3     Following a bench trial, defendant Zachary Smith was found guilty on one count of being

an armed habitual criminal (AHC) in violation of section 24-1.7(a) of the Criminal Code of 2012

(Criminal Code) (720 ILCS 5/24-1.7(a) (West 2012)) and on three counts of unlawful use of a

weapon by a felon (UUWF), in violation of section 24-1.1(a) of the Criminal Code (*id.* § 24-1.1(a)). On May 7, 2015, the trial court sentenced Mr. Smith on the AHC charge to a prison term of six years, followed by three years of mandatory supervised release (MSR), and a concurrent sentence of two years on a single merged count of UUWF. On appeal, this court vacated Mr. Smith's UUWF conviction under the one-act, one-crime rule, concluding that both the AHC and the UUWF charges stemmed from the same physical act of unlawfully possessing the same firearm. See *People v. Smith*, 2017 IL App (1st) 151643, ¶ 32.

¶ 4     Mr. Smith then successfully petitioned the circuit court, under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)), to vacate his AHC conviction. An AHC conviction requires that the defendant have two predicate felony convictions. 720 ILCS 5/24-1.7 (West 2012) (qualifying offenses include forcible felonies, crimes involving the illegal use or possession of firearms, and drug charges). The circuit court agreed with Mr. Smith that, following our supreme court's decision in *In re N.G.*, 2018 IL 121939, ¶ 33, one of the predicate offenses upon which Mr. Smith's AHC conviction rested could no longer constitutionally serve as a predicate offense. One of Mr. Smith's predicate offenses on his AHC charge was a conviction for aggravated unlawful use of a weapon (AUUW) under section 24-1.6(a)(1), (a)(3)(A) of the Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2012)), which our supreme court found to be a facially unconstitutional provision in *People v. Aguilar*, 2013 IL 112116, ¶ 22.

¶ 5     On October 4, 2019, Mr. Smith sought a COI, pursuant to section 2-702 of the Criminal Code (735 ILCS 5/2-702 (West 2018)), based on the fact that he had been incarcerated on the now-vacated AHC conviction. The State objected to the petition. The State did not dispute Mr. Smith's claim that he was "innocent," as that term is employed in the COI statute, on the AHC charge but argued that he was not entitled to a COI because he had separately been found guilty of UUWF.

The circuit court granted the COI. The State now appeals.

¶ 6                                    II. JURISDICTION

¶ 7      The circuit court granted Mr. Smith's petition for a COI on July 16, 2020. The State filed

a timely notice of appeal from that decision on August 14, 2020. We have jurisdiction under Illinois

Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals

from final judgments in civil cases.

¶ 8                                    III. ANALYSIS

¶ 9      The COI statute, found at section 2-702 of the Code (735 ILCS 5/2-702 (West 2018)), is

lengthy and need not be set out in full. The section's title is "Petition for a certificate of innocence

that the petitioner was innocent of all offenses for which he or she was incarcerated." *Id.*

Subsection (a) states its purpose, in part, as follows:

> "The General Assembly finds and declares that innocent persons who have been wrongly
>
> convicted of crimes in Illinois and subsequently imprisoned have been frustrated in seeking
>
> legal redress due to a variety of substantive and technical obstacles in the law and that such
>
> persons should have an available avenue to obtain a finding of innocence so that they may
>
> obtain relief through a petition in the Court of Claims." *Id.* § 2-702(a).

¶ 10     Subsection (g) of the statute sets out the criteria for a petitioner to obtain a COI. It provides,

in full, as follows:

> "(g) In order to obtain a certificate of innocence the petitioner must prove by a
>
> preponderance of evidence that:
>
> (1) the petitioner was convicted of one or more felonies by the State of Illinois and
>
> subsequently sentenced to a term of imprisonment, and has served all or any part of the
>
> sentence;

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;

(3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." *Id.* § 2-702(g).

¶ 11     We have recognized that the purpose of a COI is to allow the wrongfully incarcerated "to obtain a finding of innocence so that [they] may obtain relief against the State for wrongful incarceration through the court of claims." (Internal quotation marks omitted.) *People v. McClinton*, 2018 IL App (3d) 160648, ¶ 14. "A successful petitioner, armed with a COI, walks into the court of claims with conclusive evidence of his or her innocence, making it all but certain that the petitioner can obtain a money judgment against the State for wrongful incarceration." *People v. Moore*, 2020 IL App (1st) 190435, ¶ 37.

¶ 12     The State argues that a COI should not have been issued in this case because Mr. Smith, who was also found guilty of UUWF, was not "innocent of the offenses charged in the indictment," as required by subsection (g)(3) of the statute. Mr. Smith's response is that the State has waived this argument and that, if the court reaches the merits, the COI statute provides for a certificate if a petitioner is innocent of the charge or charges *for which he or she was incarcerated*. Mr. Smith insists that because he ultimately was incarcerated only on the AHC charge, and that conviction

4

was vacated, the COI was properly granted. We first address Mr. Smith's forfeiture argument and then, because we find no forfeiture by the State, turn to the parties' conflicting interpretations of the COI statute.

¶ 13                                       A. Forfeiture

¶ 14    Mr. Smith maintains that in its four-and-a-half-page response to his petition the State did not argue—or at least did not present a fully developed argument—that he had to prove himself innocent of all the offenses charged in the indictment and that the State has thus "waived" this argument. Although the parties speak in terms of waiver, they are really discussing forfeiture. The concepts are distinct. Forfeiture is the failure to comply with procedural requirements, which would include a general prerequisite to an appeal that the claim was properly raised in the trial court. *People v. Sophanavong*, 2020 IL 124337, ¶¶ 20-21. Waiver, on the other hand, is the voluntary relinquishment of a right. *Id.* The State certainly did not intentionally abandon this argument. Thus, what is at issue is forfeiture.

¶ 15    As our supreme court has made clear, "[w]e require parties to preserve issues or claims for appeal; we do not require them to limit their arguments [on appeal] to the same arguments that were made below." *Brunton v. Kruger*, 2015 IL 117663, ¶ 76. Thus, the only question is whether the State presented the same claim that it makes on appeal to the circuit court, such that the circuit court had an opportunity to consider it. It is clear to us that it did.

¶ 16    The State's written response to Mr. Smith's petition stated that Mr. Smith was not entitled to a COI unless he could "show by preponderance of evidence that he was 'innocent of the offense charged in the indictment or information' as required by Section (g)(3) of the COI Statute." At oral argument on the petition in the circuit court, the State reiterated: "[Mr. Smith] has to prove himself innocent of all the charges in the indictment." The State continued: "[Mr. Smith] was actually

found guilty of all three of the UUW's by a felon." This was more than sufficient to preserve the defense to the petition that the State relies on now. While this court's recent decision in *Moore*, 2020 IL App (1st) 190435, which the State relies on heavily in this appeal, was yet to be decided when Mr. Smith's petition was pending, the State not only raised the same issue but made essentially the same arguments there that it makes here. There has been no forfeiture by the State in this case.

¶ 17                                   B. Merits

¶ 18    In the circuit court, neither the parties nor the judge had the benefit of the *Moore* court's excellent analysis of the COI statute. However, the parties have both addressed that case on appeal and we find it an appropriate starting point.

¶ 19    In *Moore,* as in this case, one of the offenses for which the petitioner was convicted was AHC. *Id.* ¶ 1. And, as here, one of the predicate offenses for the AHC charge was a prior conviction for the variety of AUUW that our supreme court held unconstitutional in *Aguilar*, 2013 IL 112116. *Moore*, 2020 IL App (1st) 190435, ¶ 1. The petitioner in *Moore* had also been found guilty of and incarcerated on some other charges. *Id.* ¶ 17. The issue before the court then was whether a petitioner could obtain a "partial" COI, where he was innocent of one of the charges for which he had been sentenced but where he was also found guilty and sentenced on other charges. The court answered this question in the negative, holding that "[s]ection 2-702 does not permit the issuance of a COI unless the petitioner is deemed innocent of *all* charges in the indictment for which the petitioner was convicted." (Emphasis in original.) *Id.* ¶ 3.

¶ 20    Of course, this case is different from *Moore* because the only charge, other than the AHC charge, on which Mr. Smith was convicted and incarcerated was the one count of UUWF that was vacated by this court on direct appeal under the one-act, one-crime rule. In contrast, the petitioner

6

in *Moore* was convicted of and incarcerated on three other offenses besides AHC. Emphasizing the *Moore* court's observation that the petitioner in that case "was properly incarcerated for some convictions and wrongly incarcerated for another" (*id.* ¶ 25), Mr. Smith insists that *Moore* does not support the State's position here. While the cases are admittedly different, we are persuaded by *Moore*'s reading of the plain language of the COI statute, which we find equally controlling here.

¶ 21    The *Moore* court recognized that its analysis must begin "with subsection (g), as that subsection states the elements to obtain a COI." *Id.* ¶ 20. There is no dispute that Mr. Smith has satisfied the first, second, and fourth requirements. The question is whether he has satisfied the third requirement by showing that he is "innocent of the offenses charged in the indictment or information" or that the "acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State." (Emphases omitted.) This requirement speaks of "offenses," plural, and through use of the conjunctive "and," is cumulative to the other three requirements. The court, sitting as the finder of fact in Mr. Smith's criminal trial, in addition to finding him guilty of the AHC charge, found Mr. Smith guilty of three counts of UUWF. Mr. Smith thus clearly cannot make a showing that he was "innocent" of the *offenses* charged in the indictment.

¶ 22    As Mr. Smith points out, the COI statute elsewhere refers to the ability to "request a certificate of innocence finding that the petitioner was innocent of all *offenses for which he or she was incarcerated*" (emphasis added) (735 ILCS 5/2-702(b) (West 2018)) and instructs the court, if it "finds that the petitioner is entitled to a judgment," to "enter a certificate of innocence finding that the petitioner was innocent of all *offenses for which he or she was incarcerated*" (emphasis added) (*id.* § 2-702(h)). The title of the section as a whole also repeats this language. The titles of

statutory sections are of course not controlling. See *Illinois Bell Telephone Co. v. Illinois Commerce Comm'n*, 362 Ill. App. 3d 652, 661 (2005) (observing, as a matter of statutory construction, that "[h]eadings cannot limit the plain meaning of the text" (Internal quotation marks omitted.)). We observe, moreover, that in the places where this language is employed, the drafters of the statute refer to the *contents* of a COI, not to the requirements for obtaining one, which are found exclusively in subsection (g).

¶ 23    Imprisonment, addressed in subsection (g)(1), is plainly one requirement—although this court has construed imprisonment broadly in this context to include a sentence of probation. See *People v. Glenn*, 2018 IL App (1st) 161331. But subsection (g)(3) separately requires proof that the petitioner is "innocent of the offenses charged in the indictment or information." 735 ILCS 5/2-702(g)(3) (West 2018). The plain language of the statute is clear. A finding at the criminal trial that the petitioner was guilty of one or more charges precludes the award of a COI.

¶ 24    Our holding should not be viewed as an acceptance by this court of some of the State's overly broad assertions regarding what it means to be, in the State's words, "wholly innocent" for purposes of the COI statute. The State suggested at oral argument that Mr. Smith was not in fact "wholly innocent" on the AHC charge brought against him in this case because that charge was "valid when brought" and no court had found the AHC statute itself to be unconstitutional. Mr. Smith was unquestionably innocent of AHC as that offense was charged in this case. One of the two predicate offenses on which the charge rested was an AUUW charge later deemed by our supreme court to be "facially unconstitutional," "void *ab initio*," "infirm from the moment of [its] enactment," and "unenforceable," "as if the law had never been passed." (Internal quotation marks omitted.) *In re N.G.*, 2018 IL 121939, ¶ 50. The conduct that was the basis for one of Mr. Smith's AUUW convictions is not a crime and cannot serve as a predicate for an AHC charge. Thus, Mr.

Smith was innocent of the AHC charge and nothing in this opinion should be read to suggest otherwise.

¶ 25    Another broad assertion that we reject is the State's suggestion, when questioned by the panel, that to be eligible for a COI, a petitioner might have the burden of affirmatively demonstrating his innocence even on charges that were nol-prossed by the State. A *nolle prosequi* is a formal notice given by the State that a claim has been abandoned. Black's Law Dictionary (11th ed. 2019). Translated from Latin, the phrase literally means "not wish to prosecute." *Id.* Absent the refiling of the abandoned claim or a motion to vacate the *nolle prosequi* (*People v. Hughes*, 2012 IL 112817, ¶¶ 24-25), the State cannot pursue and thus has *no ability* to obtain a finding of guilt on an abandoned claim. We certainly do not read the COI statute to suggest that a petitioner would have to demonstrate his innocence of nol-prossed charges.

¶ 26    To be clear, the COI was inappropriate in this case only because there was a finding that Mr. Smith was guilty on a constitutionally valid charge of UUWF. The finding that Mr. Smith was guilty on the UUWF charge, in contrast to the finding that he was guilty of the AHC charge, did not rest on a predicate offense that our supreme court has found to be unconstitutional. Rather, the only reason that the UUWF conviction was vacated by this court was that, at the time the case first came before us, Mr. Smith was also convicted of AHC based on the same underlying action of gun possession, and a defendant can only be punished once for a single act.

¶ 27    The dissent cites *People v. Wunnenberg*, 87 Ill. App. 3d 32, 34 (1980), for the proposition that "a conviction once properly vacated no longer has the legal character of a conviction." We agree, and in *Wunnenberg* this court properly held that a conviction that has been overturned on appeal or in collateral proceedings may not be considered by a court at sentencing on some later offense. *Id.* But we cannot agree that a finding of guilt properly made must be disregarded when

9

the conviction it led to was vacated for reasons not related to the sufficiency of the evidence or to the constitutional integrity of the charged crime. The legislature could have drafted subsection (g)(3) of the statute to require a petitioner to demonstrate that he *has not been convicted* of any of the offenses charged. It did not. Instead, that subsection requires a petitioner to demonstrate that he "is *innocent* of the offenses charged." (Emphasis added.) 735 ILCS 5/2-702 (g)(3) (West 2018).

¶ 28    It is often the case, as it was here, that a criminal defendant will not be convicted and sentenced on all of the charges for which he or she was found guilty. Some charges may be merged into others, as two of the counts of UUWF were in this case. Or, as also occurred in this case, one of the charges may be based on the same act as another charge, and a conviction on the less serious offense will be vacated for that reason. *People v. Artis*, 232 Ill. 2d 156, 170 (2009). Neither the merger of counts nor the vacating of a conviction under the one-act, one-crime doctrine negates a guilty finding. Thus, we disagree with the dissent's suggestion (*infra* ¶ 43) that Mr. Smith's only UUWF guilty finding was on the 2007 UUWF charge in another case. To the contrary, Mr. Smith was also found guilty in this case of a 2013 UUWF charge that was brought against him in the same indictment as his AHC charge. That is the basis on which we find he is not entitled to a COI.

¶ 29    While Mr. Smith does not stress this fact, we are cognizant that the six-year sentence that he served on his AHC conviction was longer than the sentence he received on his conviction for UUWF. Mr. Smith thus served more time than he would have if he had been sentenced only on the constitutionally permissible charges for which he was also found guilty. The length of the sentence was also an issue in *Moore*, 2020 IL App (1st) 190435, ¶¶ 36-42. And as that court recognized, though it might be "preferable" if the COI statute permitted courts to issue COIs when a petitioner had served a longer sentence then he or she should have, "that is not the statute before

us, and we may not drastically rewrite the language to find a result we prefer." *Id.* ¶ 42. As the *Moore* court also pointed out, this does not mean that petitioners like Mr. Smith are necessarily without any remedy. They may still seek redress in the court of claims for the time they wrongly spent in prison. *Id.* ¶ 43. They will just not arrive there with a certificate from a trial judge automatically establishing their entitlement to such compensation. *Id.*

¶ 30    Mr. Smith argues that *McClinton*, 2018 IL App (3d) 160648, and not *Moore*, is "directly applicable here." The defendant in that case was found guilty of AUUW but his conviction was later vacated under *Aguilar. Id.* ¶ 6. The circuit court denied the petitioner a COI because it did not accept the premise that the declaration that the statute was unconstitutional meant that the petitioner was "innocent." *Id.* ¶ 7. The appellate court reversed, ruling that the petitioner had met the requirements of the COI statute. The court held that the petitioner showed that "her acts charged in the indictment of which she was convicted and for which she was incarcerated did not constitute a felony or misdemeanor against the state because the charge was based on a statute later held unconstitutional." *Id.* ¶ 21. The court also recognized that the petitioner did not "intentionally cause or bring about her conviction" because the statute that criminalized her actions was void *ab initio. Id.* As noted above (*supra* ¶ 24), we reject any suggestion by the State that Mr. Smith is not "innocent" of the AHC charge. Thus, we agree that *McClinton* was rightly decided and believe that our holding here is completely consistent with that case.

¶ 31    Mr. Smith points out that the *McClinton* court noted in passing that the petitioner in that case was also charged with bringing a firearm and cannabis into a penal institution. *Id.* ¶ 3. However, the court made no mention of this when it held that petitioner was entitled to a COI. Mr. Smith argues that those charges were "irrelevant due to the fact that they had not resulted in [the petitioner's] 'incarceration.' " However, in our view, those charges were irrelevant to the

petitioner's right to a COI in *McClinton* because there were no findings that the petitioner in that case was guilty of any of those other charges. Again, it is a finding of guilt by the factfinder that stands in the way here of Mr. Smith obtaining a COI.

¶ 32 Mr. Smith also directs our attention to our supreme court's recent decision in *People v. Palmer*, 2021 IL 125621, ¶¶ 64-66, in which the court held that a defendant whose murder conviction was vacated on a postconviction petition based on newly discovered forensic evidence and whom the State declined to prosecute further was entitled to a COI. The supreme court rejected the State's argument that the petitioner also had to prove himself innocent of being an accomplice to the murder, a theory that was never put forward to the jury. Our supreme court held that the only burden on a COI petitioner is to establish innocence of the offense "as it was charged and prosecuted in his criminal trial." *Id.* ¶ 78. The *Palmer* court focused its analysis, as we do here, on what happened at the petitioner's trial and on the specific requirements of subsection (g) of the COI statute. There is no conflict between our holding in this case and our supreme court's holding in *Palmer*.

¶ 33 Mr. Smith also argues that accepting the State's interpretation of the COI statute "would dramatically increase the burden on a claimant." He speculates that this would "lead to trials on irrelevant charges" and frustrate the streamlined process envisioned by the COI statute. To be clear, our holding here is based on the fact that Mr. Smith was found guilty of three courts of UUWF—offenses that were charged in the indictment. Thus, he could not show that he was "innocent" of all charges in the indictment. Had he been found not guilty on all remaining charges—or had those charges or some predicate for those charges been deemed unconstitutional, as the AHC charge was—we have no doubt that Mr. Smith would be entitled to a certificate of innocence. Those are not the facts presented here.

12

¶ 34                              IV. CONCLUSION

¶ 35    For the reasons stated, the circuit court's order awarding Mr. Smith a COI is reversed.

¶ 36    Reversed.


¶ 37    JUSTICE ODEN JOHNSON, dissenting:

¶ 38    I must respectfully dissent from the majority's decision in this case. As the majority has set forth, defendant was convicted and sentenced on one count of AHC and one merged count of UUWF stemming from a 2013 arrest. Additionally, as further noted in a prior appeal, we vacated defendant's UUWF conviction as violative of the one-act, one-crime doctrine. *People v. Smith*, 2017 IL App (1st) 151643, ¶ 32. Consequently, only defendant's AHC conviction remained, and it was vacated by the circuit court on July 25, 2019, based on our supreme court's decision in *People v. Aguilar*, 2013 IL 112116.

¶ 39    A person commits the offense of being an armed habitual criminal if he "receives, sells, possesses, or transfers any firearm" after having been convicted of at least two triggering offenses, such as a forcible felony, UUW, AUUW, aggravated discharge of a firearm, or vehicular hijacking. See 720 ILCS 5/24-1.7(a)(1), (2) (West 2012). Here, defendant's AHC conviction was based on two prior convictions—UUWF under case No. 07 CR 1257601 and AUUW under case No. 09 CR 1652401. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2010); 720 ILCS 5/24-3.1(a)(1) (West 2010). The offense of AUUW was found to be facially unconstitutional in *People v. Aguilar*, 2013 IL 112116, ¶ 22. When a statute is found to be facially unconstitutional in Illinois, it is said to be void *ab initio*, and any conviction based on that statute, should be treated as if the law had never been passed and never existed. *In re N.G.* 2018 IL 121939, ¶ 50. Such laws are infirm from the moment of their enactment and, therefore, are unenforceable. *Id.*

¶ 40　　In defendant's first appeal, this court vacated his UUWF convictions under the one-act, one-crime doctrine. The one-act, one-crime rule prohibits convictions for multiple offenses that are based on precisely the same physical act. *People v. Smith*, 2019 IL 123901, ¶ 13. Such vacatur was required because defendant could not be convicted of both AHC and UUWF based on a single act. See *People v. Scott*, 2015 IL App (1st) 133180, ¶¶ 16, 21-22. Moreover, once a prior conviction is vacated, it no longer has the legal character or effect of a conviction. See *People v. Wunnenberg*, 87 Ill. App. 3d 32, 34 (1980). To rule otherwise "would mean that a conviction which has been vacated or set aside for whatever reason would have the same legal effect as an unvacated conviction, a conclusion warranted neither by justice, reason or logic." *Id.* at 34-35.

¶ 41　　The unconstitutionality of the AUUW conviction, *which was void ab initio*, left only one prior triggering offense, the 2007 UUWF. Thus, the circuit court properly vacated defendant's AHC conviction as it was impossible for defendant to have been guilty or not innocent of the AHC where he did not meet the statutorily mandated two triggering offenses.

¶ 42　　The majority ignores the fact that the three merged UUWF counts were vacated, instead contending that the initial guilty finding still serves as proof that defendant was not innocent for purposes of pursuing a Certificate of Innocence (COI). As noted above, once a prior conviction is vacated, it no longer has the legal character or effect of a guilty finding or conviction. As such, the vacated UUWF conviction (consisting of the merged counts) should not be considered as evidence of noninnocence for purposes of a COI.　Further, a guilty finding that has been vacated and held for naught, for whatever reason, should not *ipso facto* negate innocence.

¶ 43　　The statute requires that the circuit court conduct a hearing or make findings of innocence. In this case, the circuit court reviewed the trial evidence when making the decision to grant the COI, the court specifically found that defendant was innocent of the AHC charge, and the State

agreed on record. In fact, as the majority points out, the State did not dispute his claim of innocence but only argued he was not entitled to a COI because he had been guilty of UUWF. However, as articulated above, once the 2013 UUWF was vacated, the only remaining guilty finding was the 2007 UUWF which was not of this indictment as required by section 2-702 g (3) of the Code. (735 ILCS 5/2-702 (West 2018)). Further, it is well settled that the determination of whether a petitioner is entitled to a certificate of innocence is committed to the discretion of the circuit court. *People v. Rodriguez*, 2021 IL App (1st) 200173, ¶ 44.

¶ 44    The overwhelming foundation of our criminal justice system is based on the premise that a defendant is innocent until proven guilty, but according to the majority's ruling here, the exception is when a defendant is seeking a redress for wrongful conviction, at which point the defendant is presumed guilty until he proves that he is innocent. Here the circuit court correctly applied the law and found by a preponderance of the evidence that defendant was innocent. Accordingly, I respectfully dissent as I would affirm the circuit court's grant of the COI to defendant.

---

**No. 1-20-0984**

---

| | |
|---|---|
| **Cite as:** | *People v. Smith*, 2021 IL App (1st) 200984 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 13-CR-22324; the Hon. Erica L. Reddick, Judge presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeil Stein and T. Andrew Horvat, Assistant State's Attorneys, of counsel), for the People. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Thomas C. Crooks, Law Office of Thomas C. Crooks, of Chicago, for the appellee. |

---