2024 IL App (3d) 210414

Opinion filed April 19, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal Nos. 3-21-0414, 3-21-0415 Circuit Nos. 11-CF-149, 12-CF-476 |
| | ) | |
| BREON LAVAR JONES, | ) ) | The Honorable David A. Brown, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Hettel concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Breon Lavar Jones (petitioner), pled guilty in two separate criminal cases to charges of aggravated unlawful use of a weapon (AUUW) and was sentenced to probation in one case and prison in the other. After petitioner served all or part of his sentences, he filed petitions in the trial court to vacate his criminal convictions in the two cases, claiming that the portions of the AUUW statute that he had been convicted of violating had been found to be unconstitutional. The State conceded that petitioner's argument was correct, and the trial court vacated petitioner's conviction in each case. Petitioner later filed an amended petition for a certificate of innocence as

to each of the AUUW charges. Following a hearing, the trial court denied the amended petitions. Petitioner appeals. We affirm the trial court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3        In March 2011, petitioner was charged in a criminal case (hereinafter the 2011 case) in Peoria County, Illinois, with one count of unlawful possession of a stolen firearm (count I), a Class 2 felony and two counts of AUUW (counts II and III), both of which were Class 4 felonies. The two AUUW charges were based upon petitioner carrying a firearm in an uncased, loaded, and immediately accessible condition (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010)) (count II) and petitioner possessing a firearm without a valid firearm owner's identification (FOID) card (*id.* § 24-1.6(a)(1), (a)(3)(C)) (count III).[1] Petitioner, who was represented by an attorney, subsequently entered into a plea agreement with the State to resolve the case. In April 2011, pursuant to that plea agreement, petitioner pled guilty to one count of AUUW (count II), the other two charges were nol-prossed by the State, and petitioner was sentenced to a term of probation and a period of county jail time.

¶ 4        The factual basis given for the plea indicated that on the date in question (a certain specified date in February 2011), a police officer approached a group of people who were standing outside at the back of a club in Peoria because the officer recognized one of the persons and knew there was an outstanding warrant for that person's arrest. As the officer approached, he saw petitioner standing by an open car door with his hand around his waistband. The officer told petitioner to put his hands on the trunk of the vehicle. Petitioner turned around, and the officer heard a metal object hit the ground. After the individual with the outstanding warrant was arrested and backup officers

---

[1]The charging instrument in the 2011 case was missing the second portion of the citation for the two AUUW charges—"(a)(3)(A)" for count II and "(a)(3)(C)" for count III. We have added it here to avoid any confusion.

arrived, the officer looked in the area where petitioner had been standing and found a loaded gun on the ground. A person in the crowd yelled out, without being questioned, that petitioner had dropped a gun.

¶ 5    In May 2012, a little over a year after petitioner pled guilty in the 2011 case, he was charged in another criminal case (hereinafter the 2012 case) in Peoria County with unlawful possession of cannabis with intent to deliver, a Class 4 felony, and unlawful possession of cannabis, a Class A misdemeanor. A third charge, AUUW, a Class 2 felony, was added against petitioner a few months later. The AUUW charge was based upon petitioner possessing a firearm without a valid FOID card and while having a prior felony conviction (720 ILCS 5/24-1.6(a)(1), (a)(3)(C), (d)(3) (West 2012)).[2] Petitioner, who was again represented by an attorney, subsequently entered into a plea agreement with the State to resolve the case. Pursuant to the plea agreement, in November 2012, petitioner pled guilty to the AUUW charge, the other two charges were nol-prossed by the State, petitioner was sentenced to prison in the 2012 case, and petitioner's probation in the 2011 case was terminated unsuccessfully.

¶ 6    The factual basis given for the plea indicated that on the date in question (a certain specified date in May 2012), police officers were dispatched to the scene of a shots-fired report. A witness at that location told the officers that petitioner fired shots at him. The officers found petitioner in the area and took him into custody after a short chase. Upon checking the route that petitioner traveled during the chase, the officers found a loaded revolver in a grill and some cannabis. A fingerprint was detected on the gun, but petitioner refused to submit to fingerprint analysis. At the time of the incident, petitioner did not have a valid FOID card and had a prior felony conviction.

---

[2]Although the citation for that offense was listed in the charging instrument as "720 ILCS 5/24-1.6(a)(2) (West 2012)," it appears from the language used in the charge itself that the proper citation was actually "720 ILCS 5/24-1.6(a)(1), (a)(3)(C), (d)(3) (West 2012)."

3

¶ 7   Over the next few years after petitioner pled guilty in the 2012 case, the Illinois Supreme Court found that certain portions of the AUUW statute were facially unconstitutional and void *ab initio* because those portions violated the second amendment to the United States Constitution. See *People v. Aguilar*, 2013 IL 112116, ¶ 22 (finding that section 24-1.6(a)(1), (a)(3)(A), (d) of the AUUW statute, which prohibited carrying on one's person or in any vehicle, outside the home, a firearm that was uncased, loaded, and immediately accessible, was facially unconstitutional because it violated the second amendment); *People v. Mosley*, 2015 IL 115872, ¶ 25 (finding that section 24-1.6(a)(2), (a)(3)(A) of the AUUW statute (720 ILCS 5/24-1.6(a)(2), (a)(3)(A) (West 2012)), which prohibited carrying an uncased, loaded, and immediately accessible firearm on a public way, was facially unconstitutional because it violated the second amendment); *People v. Burns*, 2015 IL 117387, ¶ 25 (clarifying that section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute was facially unconstitutional without limitation).

¶ 8   In September 2020, after petitioner served all or part of his sentences in both cases, he filed petitions for relief from judgment, seeking to have his two AUUW convictions vacated. Petitioner asserted in the petitions that the portions of the AUUW statute that he had been convicted of violating had been found to be facially unconstitutional and void *ab initio* by the Illinois Supreme Court in *Aguilar* (along with certain other cases as to the 2012 offense). The State conceded that petitioner's assertion was correct, and the trial court vacated petitioner's AUUW conviction in each case.

¶ 9   Later that same month and during the following month, petitioner filed petitions for certificates of innocence in each case, which he subsequently amended. The State opposed the amended petitions, claiming that petitioner failed to satisfy the statutory requirements for certificates of innocence to be issued because petitioner failed to show that he was innocent of the

4

other charges that had been nol-prossed in each case and because petitioner voluntarily caused his convictions to occur by pleading guilty. In August 2021, following full briefing and a hearing on the matter, the trial court denied the amended petitions, finding that petitioner brought about the two convictions by pleading guilty. Petitioner appealed, and the two cases were consolidated on appeal.

¶ 10                                   II. ANALYSIS

¶ 11        On appeal, petitioner argues that the trial court erred in denying his amended petitions for certificates of innocence in the two cases. Petitioner asserts that the amended petitions should have been granted because he satisfied all of the statutory elements necessary for certificates of innocence to be issued. Of the four statutory elements, only two were in dispute in this case—the third and fourth elements. As to the third element—that petitioner was factually or legally innocent—petitioner contends that, contrary to the State's assertion, he was not required to prove that he was innocent of the charges that had been nol-prossed in each case pursuant to the plea agreements. Rather, petitioner maintains, to satisfy the third element, he was only required to show that he was factually or legally innocent of the two AUUW charges upon which he had been convicted and incarcerated. With regard to the fourth statutory element—that petitioner did not by his own conduct voluntarily cause or bring about the convictions—petitioner contends that, contrary to the State's assertion and the trial court's finding, the fact that he pled guilty to the two AUUW charges did not prevent him from being able to satisfy the fourth element. For all of the reasons stated, petitioner asks that we vacate the trial court's judgment and that we remand this case for the two certificates of innocence to be issued by the trial court.

¶ 12        The State argues that the trial court's ruling was proper and should be upheld. The State asserts that the trial court correctly denied the amended petitions because petitioner failed to

5

establish that he was factually or legally innocent of all of the charged offenses in each case, including the offenses that had been nol-prossed pursuant to the plea agreements, and because petitioner also failed to show that he did not voluntarily cause or bring about the two AUUW convictions by pleading guilty.[3] Thus, the State maintains that petitioner failed to establish the third and fourth statutory elements necessary for certificates of innocence to be issued. The State asks, therefore, that we affirm the trial court's judgment denying petitioner's amended petition for a certificate of innocence in each of the trial court cases.

¶ 13        A trial court's ruling on a petition for a certificate of innocence will generally not be reversed on appeal absent an abuse of discretion. See *People v. Brown*, 2022 IL App (4th) 220171, ¶ 11. However, in cases, such as the present case, where the reviewing court is called upon to interpret the certificate of innocence statute, the standard of review is *de novo*. See *id.*

¶ 14        The certificate of innocence statute, section 2-702 of the Code of Civil Procedure, establishes a mechanism for a defendant who has been wrongfully incarcerated to obtain a finding of innocence from the trial court in which the conviction was entered, so that the defendant may later obtain relief from the State in the Court of Claims for the wrongful incarceration. See 735 ILCS 5/2-702(a)-(b), (j) (West 2020); *People v. Palmer*, 2021 IL 125621, ¶¶ 53-54; *People v. Dumas*, 2013 IL App (2d) 120561, ¶ 16; *Betts v. United States*, 10 F.3d 1278, 1283 (7th Cir. 1993) (noting under a similar federal statute that the only purpose of a certificate of innocence was to permit the bearer of the certificate to sue the government for damages). Pursuant to the statute, a

---

[3]The State also asserts that the AUUW charge that petitioner pled guilty to in the 2012 case has actually not been found to be unconstitutional. We agree with petitioner, however, that the State can no longer make that argument in this case because the State conceded the issue in the relief from judgment proceedings, which resulted in petitioner's 2012 AUUW conviction being vacated. We will, therefore, not address that particular assertion by the State any further in this opinion.

petitioner must prove the following four elements by a preponderance of the evidence to obtain a certificate of innocence:

"(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;

(3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." 735 ILCS 5/2-702(g) (West 2020).

¶ 15    As noted above, only the third and fourth statutory elements are in dispute in this case. We focus solely upon the third element because it is dispositive of the issue here. In so doing, we must determine, as a matter of statutory interpretation, whether the petitioner was required to prove his innocence of the charges that had been nol-prossed by the State in each of the cases pursuant to the plea agreements. The rules of statutory interpretation are well established. The fundamental rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. *People v. Baskerville*, 2012 IL 111056, ¶ 18. The most reliable indicator of that intent is the plain and

7

ordinary meaning of the language of the statute itself. *Id.* In determining the plain meaning of statutory terms, a court should consider the statute in its entirety and keep in mind the subject the statute addresses and the apparent intent of the legislature in enacting the statute. See *id.* The court will presume that the legislature did not intend results that were absurd, inconvenient, or unjust (*People v. Williams*, 2016 IL 118375, ¶ 15) and, if possible, should interpret a statute so that no part is rendered meaningless or superfluous (see *Baskerville*, 2012 IL 111056, ¶ 25). If the statutory language is clear and unambiguous, it must be applied as written, without resorting to further aids of statutory construction. *Williams*, 2016 IL 118375, ¶ 15. A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent. *Baskerville*, 2012 IL 111056, ¶ 18. However, if the language of a statute is ambiguous in that it is susceptible to more than one reasonable interpretation, a court may consider extrinsic aids to determine the meaning of the statutory language. See *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 51 (1990).

¶ 16    In the present case, after applying the rules of statutory interpretation to the certificate of innocence statute, we find that petitioner was required to prove his innocence of all of the charged offenses, including those that had been nol-prossed by the State pursuant to the plea agreements. In reaching that conclusion, we adopt and apply the reasoning set forth by the First District Appellate Court in *People v. Warner*, 2022 IL App (1st) 210260, ¶¶ 11-45. In that case, the First District addressed the same arguments presented in this case as to the third statutory element required for a certificate of innocence to be issued. See *id.* Noting that the statutory language used in the subsections of the statute that set forth the pleading and burden requirements ("offenses charged in the indictment or information") was different from the statutory language used in other subsections of the statute that had other purposes ("offenses for which he or she was incarcerated")

8

and applying the rules of statutory construction, the *Warner* court concluded that the legislature intended for the two sets of statutory language to have different meanings and that the statutory language chosen by the legislature to be used in the pleading and burden subsections demonstrated the legislature's "clear intent that a petitioner must allege and prove that they [*sic*] are innocent of all of the offenses charged in the information." See *id.* ¶¶ 24-28. The *Warner* court went on to hold that to obtain a certificate of innocence, a petitioner was required to show his innocence as to all of the offenses charged in the information (the applicable charging instrument), including those offenses that were nol-prossed pursuant to a negotiated plea agreement. *Id.* ¶ 42. Such an interpretation, according to the *Warner* court, was consistent with the purpose of the certificate of innocence statute, was supported by other case law decisions interpreting the statute, and was necessary to prevent absurd results. See *id.* ¶¶ 29-43. Subsequent to the *Warner* decision, the appellate court has followed the *Warner* court's reasoning in other cases with similar facts and has reached or adopted the same holding that the *Warner* court reached. See *Brown*, 2022 IL App (4th) 220171, ¶¶ 14-29 (finding that the petitioners failed to satisfy the third element required for certificates of innocence to be issued where the petitioners had failed to show that they were innocent of the other valid charged offenses, which were nol-prossed pursuant to plea agreements with the State in exchange for the petitioners' pleas of guilty to the later-vacated AUUW charges); *People v. Hilton*, 2023 IL App (1st) 220843, ¶¶ 22-46 (finding that the petitioner failed to satisfy the third element required for a certificate of innocence to be issued where the petitioner failed to show that he was innocent of the other valid charged offenses, which were nol-prossed by the State, but not pursuant to a plea agreement, after the petitioner's AUUW conviction had been vacated).

9

¶ 17    As indicated above, we adopt the *Warner* court's reasoning as well and hold in the present case that to obtain a certificate of innocence, a petitioner must show that he or she was innocent of all of the offenses charged in the applicable charging instrument, including those offenses that were nol-prossed pursuant to a negotiated plea agreement. See *Warner*, 2022 IL App (1st) 210260, ¶¶ 11-45; *Brown*, 2022 IL App (4th) 220171, ¶¶ 14-29; *Hilton*, 2023 IL App (1st) 220843, ¶¶ 22-46. Thus, because petitioner in the instant case has not argued or attempted to show that he was innocent of the nol-prossed charges, we find that the trial court properly denied petitioner's petitions for certificates of innocence, albeit for a different reason.[4] See *Warner*, 2022 IL App (1st) 210260, ¶¶ 44-45; *Brown*, 2022 IL App (4th) 220171, ¶ 29; *Hilton*, 2023 IL App (1st) 220843, ¶¶ 43-46. Having so concluded, we need not determine whether petitioner satisfied the fourth statutory element required for a certificate of innocence to be issued.

¶ 18    In interpreting the certificate of innocence statute as we have in this case, we note that, contrary to petitioner's assertion, we are not persuaded that the decisions in *People v. McClinton*, 2018 IL App (3d) 160648, ¶¶ 18-22, and/or *People v. Smith*, 2021 IL App (1st) 200984, ¶ 25, mandate a different result. See *Warner*, 2022 IL App (1st) 210260, ¶¶ 33-38 (declining to follow the *dicta* in *Smith* as to the third statutory element); *Brown*, 2022 IL App (4th) 220171, ¶¶ 21, 26 (pointing out that the *Warner* court found the *Smith dicta* to be unpersuasive and distinguishing *McClinton*); *Hilton*, 2023 IL App (1st) 220843, ¶¶ 33-46 (declining to follow the *Smith dicta* and distinguishing *McClinton*). Although the Third District Appellate Court determined in *McClinton* that the petitioner was entitled to a certificate of innocence, that case is readily distinguishable from the present case because *McClinton* involved a petitioner who had been found guilty of

_____

[4]Although the trial court's denial of the amended petitions was apparently based upon the fourth statutory element, rather than the third, we may affirm the trial court's judgment on any basis supported by the record. See *Brown*, 2022 IL App (4th) 220171, ¶ 9.

AUUW after a bench trial, rather than one who had pled guilty to AUUW in exchange for the dismissal of other valid charges, as in the present case, and because the decision in *McClinton* turned on whether the petitioner had satisfied the fourth statutory element required for a certificate of innocence to be issued, not the third element, as in the present case. See *McClinton*, 2018 IL App (3d) 160648, ¶¶ 5, 18-22; see also *Brown*, 2022 IL App (4th) 220171, ¶ 26 (distinguishing *McClinton*); *Hilton*, 2023 IL App (1st) 220843, ¶ 45 (same). As for *Smith*, that was a First District case in which the appellate court found that the petitioner could not satisfy the third statutory element because he had been convicted of other valid offenses. See *Smith*, 2021 IL App (1st) 200984, ¶ 23. In its decision, the First District commented, nevertheless, that: "[it] certainly [did] not read the [certificate of innocence] statute to suggest that a petitioner would have to demonstrate his innocence of nol-prossed charges." See *id.* ¶ 25. The quoted comment from *Smith* is not persuasive here, however, because the comment was merely a *dicta* statement that was made by the appellate panel in that case without having the benefit of briefing on that specific issue. See *Warner*, 2022 IL App (1st) 210260, ¶¶ 33-38 (declining to follow the *Smith dicta*); *Hilton*, 2023 IL App (1st) 220843, ¶¶ 33-46 (same); *Brown*, 2022 IL App (4th) 220171, ¶ 21 (pointing out that the *Warner* court found the *Smith dicta* to be unpersuasive). Other panels of the First District Appellate Court have since backed away from the *dicta* comment in *Smith*. See *Warner*, 2022 IL App (1st) 210260, ¶¶ 33-38; *Hilton*, 2023 IL App (1st) 220843, ¶¶ 33-46.

¶ 19                                    III. CONCLUSION

¶ 20        For the foregoing reasons, we affirm the judgment of the circuit court of Peoria County.

¶ 21        Affirmed.

*People v. Jones*, 2024 IL App (3d) 210414

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, Nos. 11-CF-149, 12-CF-476; the Hon. David A. Brown, Judge, presiding. |

| | |
|---|---|
| **Attorneys for Appellant:** | Joel A. Flaxman and Kenneth N. Flaxman, of Law Offices of Kenneth N. Flaxman P.C., of Chicago, for appellant. |

| | |
|---|---|
| **Attorneys for Appellee:** | Patrick Delfino, Thomas D. Arado, and Laura Bialon, of State's Attorneys Appellate Prosecutor's Office, of Ottawa, for the People. |