**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 210496-U

Order filed May 16, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0496 Circuit No. 11-CF-87 |
| TRAVIEN K. MOORE, | ) ) ) | The Honorable Kathy Elliott, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Brennan and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The circuit court correctly denied petitioner a certificate of innocence, where he failed to prove his innocence of all the charges in the indictment.

¶ 2    Petitioner, Travien K. Moore, pleaded guilty to, and was later convicted of, aggravated unlawful use of a weapon under a multi-count indictment. The Circuit Court of Kankakee County later vacated the conviction, after which time, petitioner filed a petition for a certificate of innocence. The circuit court denied the petition and petitioner appeals. For the following reasons, we affirm.

## I. BACKGROUND

On March 3, 2011, petitioner was charged by indictment with one count of attempted armed robbery (720 ILCS 5/8-4(a) (West 2010)) and one count of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010)). On March 12, 2012, petitioner pleaded guilty to the offense of aggravated unlawful use of a weapon. During the plea hearing on that same date, the State indicated that it would enter a *nolle prosequi* on the count of attempted armed robbery, in exchange for petitioner's guilty plea. The circuit court approved the agreement. Petitioner then admitted that, on February 11, 2011, he was in a vehicle with a firearm. Finding a factual basis for petitioner's guilty plea, the circuit court convicted him of aggravated unlawful use of a weapon, sentenced him to six years' imprisonment, and advised him of his right to appeal. Petitioner did not appeal.

On September 9, 2019, petitioner filed a *pro se* petition for relief from judgment, arguing that the statute under which he had been convicted of aggravated unlawful use of a weapon was unconstitutional, pursuant to *People v. Aguilar*, 2013 IL 112116, and requesting that his conviction be vacated. On June 4, 2020, the circuit court entered an order vacating the conviction and dismissing the case.

On October 5, 2020, petitioner filed a petition for a certificate of innocence. Following hearing on the petition, the circuit court found that petitioner had not proven his innocence of the offense of attempted armed robbery, and that he brought about his own conviction of aggravated unlawful use of a weapon by pleading guilty to that offense. Based on these findings, the circuit court denied the petition for certificate of innocence, and petitioner now appeals.

## II. ANALYSIS

¶ 8    On appeal, petitioner argues that the circuit court erred by denying his petition for a certificate of innocence, because the applicable statute only required him to prove his innocence of the offense for which he was incarcerated and not of all the offenses charged in the indictment. Petitioner further argues that his act of pleading guilty to aggravated unlawful use of a weapon did not amount to him voluntarily bringing about his conviction of the offense.

¶ 9    Petitioner's arguments present an issue of statutory interpretation. "The fundamental rule of statutory interpretation is to ascertain and give effect to the legislature's intent, and the best indicator of that intent is the statutory language, given its plain and ordinary meaning." *People v. Hartfield*, 2022 IL 126729, ¶ 68. You must consider the statute as a whole, so that no part is rendered meaningless or superfluous. *People v. Jones*, 223 Ill. 2d 569, 580–81 (2006). When the statute's language is clear and unambiguous, it must be given effect without resorting to further aids of construction. *People v. McCarty*, 223 Ill. 2d 109, 124 (2006). Issues of statutory interpretation are questions of law that are reviewed *de novo*. *People v. Roberts*, 214 Ill. 2d 106, 116 (2005).

¶ 10    Section 2-702(b) of the Illinois Code of Civil Procedure permits a person convicted and subsequently imprisoned for a crime that he or she did not commit to file a petition for a certificate of innocence finding that he or she was innocent of all the crimes for which he or she was incarcerated. 735 ILCS 5/2-702(b) (West 2020). To obtain a certificate of innocence, a petitioner must prove upon the preponderance of the evidence that:

"(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or part of the sentence;

3

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;

(3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." *Id*. § 2-702(g).

¶ 11 Petitioner argues, and the State does not dispute, that he satisfies the requirements under subsections (g)(1) and (g)(2). Indeed, the record in this case shows that, on March 12, 2012, the circuit court convicted petitioner of aggravated unlawful use of a weapon and sentenced him to six years' imprisonment for the conviction, beginning on that same date. During the July 2, 2021, hearing on the petition for a certificate of innocence, he affirmed that he had completed his six-year sentence. Thus, petitioner satisfies the requirements under subsection (g)(1) that he was convicted by Illinois of at least one felony, was sentenced to a term of imprisonment, and has served that sentence.

¶ 12 Relevant to subsection (g)(2), petitioner brought his September 9, 2019, petition for relief from judgment to request that his conviction of aggravated unlawful use of a weapon be vacated pursuant to the *Aguilar* decision, in which the Illinois Supreme Court held that "*the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d)*" of the Illinois Criminal Code was unconstitutional. 2013 IL 112116, ¶ 22 (emphasis added). However, in *People v. Burns*, 2015 IL 117387, the court later

4

characterized its reference in *Aguilar* to a "Class 4 form" of aggravated unlawful use of a weapon as "inappropriate," clarifying that "[n]o such offense exists." *Burns*, 2015 IL 117387, ¶ 22. Explaining that there is only one offense of aggravated unlawful use of a weapon under section 24-1.6(a)(1)(a)(3)(A) of the Illinois Criminal Code, and that a prior felony conviction is merely a sentencing factor that elevates, for penalty purposes, the level of the offense from a Class 4 felony to a Class 2 felony, the court held that "section 24-1.6(a)(1), (a)(3)(A)" was unconstitutional and could not be enforced "against anyone." *Id*. ¶ 32.

¶ 13 Petitioner in this case was charged with, and later convicted of, aggravated unlawful use of a weapon under section 24-1.6(a)(1), (a)(3)(A). On June 4, 2020, the circuit court entered an order vacating the conviction and dismissing the case. Consequently, petitioner satisfies the requirements under subsection (g)(2)(A) that the judgment of conviction was vacated and the indictment dismissed. Moreover, although petitioner need not do so, in light of having already satisfied the requirements of subsection (g)(2)(A) (see 735 ILCS 5/2-702(g) (West 2020)), we nevertheless find that, for similar reasons, he satisfies the requirements of subsection (g)(2)(B) as well.

¶ 14 As to the remaining requirements for a certificate of innocence, the parties dispute whether petitioner satisfies each. Beginning with subsection (g)(3), the parties dispute whether, as petitioner argues, he was only required to prove that he was innocent of the offense of aggravated unlawful use of a weapon, for which he was convicted and sentenced, or, as the State argues, he was also required to prove that he was innocent of all of the offenses charged in the indictment, which include the offense of attempted armed robbery.

¶ 15 Petitioner cites to *People v. McClinton*, 2018 IL App (3d) 160648, *People v. Smith*, 2021 IL App (1st) 200984, and *People v. Palmer*, 2021 IL 125621, to support his position that subsection (g)(3) only required him to prove that he was innocent of the offense for which he was convicted.

In *McClinton*, the petitioner appealed from the circuit court's denial of her petition for a certificate of innocence. 2018 IL App (3d) 160648, ¶¶ 7–8. After reciting the requirement under section 2-702(b) of the Illinois Code of Civil Procedure that a petition for a certificate of innocence must "'request a certificate of innocence finding that the petitioner was innocent of *all offenses for which he or she was incarcerated*,'" the court noted that "[t]he only crime at issue" was the petitioner's conviction of aggravated unlawful use of a weapon. *Id.* ¶ 15 (quoting 735 ILCS 5/2-702(b) (West 2020)). The court then proceeded to outline the requirements under subsection 2-702(g) for obtaining a certificate of innocence, ultimately finding that the circuit court's decision was erroneous. *Id.* ¶¶ 17, 22.

¶ 16    Separately, the petitioner in *Smith* was convicted and sentenced on one count of being an armed habitual criminal, as well as three counts of aggravated unlawful use of a weapon that were subsequently vacated under the one-act, one-crime rule. 2021 IL App (1st) 200984, ¶ 3. The petitioner's conviction for being an armed habitual criminal, which was predicated on an offense that was deemed unconstitutional in *Aguilar*, was also later vacated, and the circuit court granted the petitioner a certificate of innocence, based on the fact that he had been imprisoned for the then-vacated conviction. *Id.* ¶¶ 4–5. The State appealed. *Id.* ¶ 5.

¶ 17    To resolve the appeal, the court in *Smith* examined the decision in *People v. Moore*, 2020 IL App (1st) 190435. The issue in *Moore* was whether the petitioner could obtain a certificate of innocence, where he was found innocent of one of the charges against him but was convicted and sentenced for the remaining charges. 2020 IL App (1st) 190435, ¶¶ 3, 17. Looking to the language of section 2-702(g) itself, the court found that, by requiring a petitioner to prove that "'the indictment or information [was] dismissed,'" subsection (g)(2) strongly suggests that the petitioner must be innocent of *all* of the offenses charged in the indictment, and not just *some*. *Id.* ¶ 24

6

(quoting 735 ILCS 5/2-702(g)(2) (West 2020)). The court explained that, after all, "[t]here is a wide difference between a charge or a count being dismissed and the indictment, in total, being dismissed," partly in that an indictment cannot be totally dismissed so long as at least one of the counts therein remains legally valid. *Id.* ¶ 25. The court also added that, "[i]n fact, [it could] think of no reason why that second clause regarding the indictment's or information's dismissal would be there at all, if the intent of the General Assembly was that even a single conviction among many could be the subject of a [certificate of innocence]. . . ." *Id.* ¶ 26.

¶ 18       Next, the court also found that subsection (g)(3), which requires the petitioner to show that he "'is innocent of the *offenses* charged in the indictment or information,'" further indicates that a petitioner must be innocent of all of the offenses charged in the indictment. *Id.* ¶ 29 (quoting 735 ILCS 5/2-702(g)(3) (West 2020)). The court offered the following, to support its finding:

"A petitioner who is 'innocent of the offenses charged in the indictment or information' [citation] is one who is innocent of *all* charges. Were it otherwise, the legislature easily could have written something like 'innocent of one *or more* of the offenses charged' or, focusing more specifically, 'innocent of the offense that is the subject of the [certificate of innocence] petition.' And again, why mention the indictment at all, if a single improper conviction could be separated from the rest of the valid convictions? It would be clumsy language, indeed, to use the collective phrase 'offenses charged in the indictment' if the legislature wanted to allow individual wrongful convictions to be parsed out from legally valid ones." *Id.* ¶ 30 (internal citation omitted).

¶ 19       Although the *Smith* court deemed the *Moore* court's reading of the statute relating to certificates of innocence to be controlling, it found the facts in *Moore* to be distinguishable. *Smith*, ¶ 20. Ultimately, the *Smith* court held that it was clear that a petitioner's guilt of one or more

7

charges precludes his or her ability to obtain a certificate of innocence. *Id.* ¶ 23. Yet, after arriving at its holding in the case, the court went on to clarify the meaning of the holding, explaining that it nevertheless rejected the suggestion that the governing statute requires a petitioner to prove his innocence of charges on which the State has entered a *nolle prosequi*. *Id*. ¶ 25.

¶ 20    Last, in *Palmer*, the parties disputed whether the petitioner satisfied subsection (g)(3) so as to obtain a certificate of innocence. 2021 IL 125621, ¶ 58. Whereas the petitioner argued that the subsection only required him to prove his innocence of the specific theory of guilt alleged for an offense charged in the indictment or information, the State argued that petitioner was required to prove his innocence of every theory of criminal liability for the offense. *Id*. ¶ 59. After reviewing the language of section 2-702(g) as a whole, the Illinois Supreme Court agreed with petitioner's argument. *Id.* ¶ 64.

¶ 21    Petitioner's reliance on the above cases is misplaced, for numerous reasons. First, although the court in *McClinton* stated that the only crime at issue in the appeal from the denial of a certificate of innocence is the one for which the petitioner was imprisoned, that statement immediately followed the court's recitation of the fact that a certificate of innocence states that a petitioner is innocent of all the crimes for which he or she was incarcerated. That statement also preceded the court's recitation of the actual requirements for obtaining a certificate of innocence, which include a showing that the petitioner is innocent of all the offenses charged in the indictment or information. 735 ILCS 5/2-702(g)(3) (West 2020). Such demonstrates that, when the *McClinton* court stated that the only crime at issue was the one for which the petitioner was imprisoned, it was only in reference to the crime for which the petitioner could be remedied by obtaining a certificate of innocence.

¶ 22    Second, although the court in *Smith* expressly rejected the suggestion that subsection (g)(3) requires a petitioner to prove his innocence of charges on which the State has entered a *nolle prosequi*, subsequent courts have declined to follow that reasoning, classifying it as mere *dicta*. See, *e.g.*, *People v. Warner*, 2022 IL App (1st) 210260, ¶¶ 35–38 (explaining that the *Smith* court's finding that a petitioner need not prove his or her innocence of charges in the indictment that were nol-prossed was *obiter dicta* and inconsistent with the language of section 2-702). Third, *Palmer* is distinguishable from this case in that it did not involve counts that the State later nol-prossed, and pertained to different theories of guilt, which are not at issue here. For these reasons, petitioner's reliance on *McClinton*, *Smith*, and *Palmer* is unpersuasive.

¶ 23    More on-point are the cases relied upon by the State, which include *Warner*, 2022 IL App (1st) 210260, *People v. Brown*, 2022 IL App (4th) 220171, and *People v. Hilton*, 2023 IL App (1st) 220843. In *Warner*, the parties disagreed as to whether subsection (g)(3) required the petitioner to prove his innocence as to all of the offenses charged in the information, including those that were later nol-prossed, as the State argued, or whether it was sufficient for the petitioner to prove his innocence only of the offense for which he was convicted, as the petitioner argued. 2022 IL App (1st) 210260, ¶ 23. The court began its analysis by noting that subsections (b) and (h) of the statute referred to "offenses for which [the petitioner] was incarcerated," whereas subsections (d) and (g)(3) referred to "offenses charged in the indictment or information." *Id*. ¶ 24. The court explained that the difference between subsections (b) and (h) versus subsections (d) and (g)(3) is that the former indicate who may obtain a certificate of innocence and the remedies for a successful petition, and the latter indicate the requirements for succeeding on a petition for a certificate of innocence. *Id*. ¶¶ 26–27.

9

¶ 24        Having articulated the difference between the language in subsections (b) and (h) and that in subsections (d) and (g)(3), the court then found "the language of the statute to be clear" that, to obtain a certificate of innocence, "a petitioner must allege and prove that they are innocent of all of the offenses charged in the information." *Id.* ¶ 28. The court also found its interpretation to be consistent with the courts' in *Smith*, *Moore*, and *Palmer*. *Id.* ¶ 29.

¶ 25        Similarly, in *Brown* and *Hilton*, the courts there addressed the issue of whether a petitioner must prove that he or she is innocent of all of the offenses with which he or she was charged, rather than of all the offenses for which he or she was incarcerated. *Brown*, 2022 IL App (4th) 220171, ¶ 14; *Hilton*, 2023 IL App (1st) 220843, ¶ 14. Both courts followed the reasoning and conclusion of the *Warner* court. *Brown*, 2022 IL App (4th) 220171, ¶¶ 14, 20–25; *Hilton*, 2023 IL App (1st) 220843, ¶¶ 22–31.

¶ 26        Like in *Warner*, *Brown*, and *Hilton*, the issue in this case is whether subsection (g)(3) required petitioner to prove his innocence of both offenses charged in his indictment, including the offense of attempted armed robbery, which, pursuant to a negotiated plea agreement, the State nol-prossed in exchange for petitioner pleading guilty to the offense of aggravated unlawful use of a weapon. Thus, we follow the *Warner*, *Brown*, and *Hilton* courts by finding, in the affirmative, that subsection (g)(3) did require petitioner to also prove his innocence of attempted armed robbery.

¶ 27        Petitioner's required showing under subsection (g)(3) having been determined, the next issue to be resolved is whether he actually made this showing. The record shows that, relevant to subsection (g)(3), petitioner argued to the circuit court that he did not have the evidence to prove that he was innocent of attempted armed robbery, but that he believed that said evidence would show that he was innocent of the offense. These statements by petitioner do not equate to him

10

actually proving, upon a preponderance of the evidence, that he was innocent of attempted armed robbery. Consequently, petitioner did not satisfy the requirements under subsection (g)(3).

¶ 28 That petitioner failed to make the requisite showing under subsection (g)(3) is a sufficient ground to affirm the circuit court's denial of his petition for a certificate of innocence, without the need to address whether petitioner satisfied the requirements of subsection (g)(4). Thus, we decline to analyze defendant's remaining argument on appeal regarding whether he voluntarily brought about his conviction of aggravated unlawful use of a weapon, by pleading guilty to the offense.

## III.  CONCLUSION

¶ 29 For the foregoing reasons, the judgment of the Circuit Court of Kankakee County is affirmed.

¶ 30 Affirmed.